**In the Matter of CHEMO PURO MANU-FACTURING CORPORATION, Bankrupt.**

United States District Court
S. D. New York.
June 27, 1962.

Dunnington, Bartholow & Miller, New York City, for Arthur Andersen & Co.

David W. Kahn, New York City, for Donald Vincent, trustee.

RYAN, Chief Judge.

This is a petition to review an order of the Referee in Bankruptcy denying petitioner's motion for leave to file an "amended" proof of claim against Chemo Puro Manufacturing Corporation 60–B–551 for accounting services allegedly performed at the request of the debtor prior to the filing of a petition for arrangement.

The sole question presented is whether, in the absence of the filing of any proof of claim in the estate of Chemo Puro Manufacturing Corporation within the

statutory period, petitioner may file a so-called amended proof. The time for the filing of claims against the Estate of Chemo Puro Manufacturing Corporation expired June 6, 1961. General Order 45 and Local Bankruptcy Rule 11.

■ On September 21, 1960, Century Chemical Corporation and its wholly owned subsidiary Chemo Puro Manufacturing Corporation filed separate petitions for arrangements in two separate proceedings—60 B 552 and 60 B 551, respectively. Upon the posting of the bond, both corporations were continued in business. On September 30, 1960, petitioner accountants filed a proof of debt with the unofficial creditors committee of Century Chemical Corporation in the sum of $22,-203.28 for services rendered "to the above named debtor" Century Chemical Corporation (60 B 552); the invoices supporting such proof of debt were addressed to Century Chemical Corporation and were· for accounting services rendered prior to September 21, 1960. On October 26, 1960, Century Chemical Corporation in 60 B 552 filed a petition seeking authority to retain petitioner to perform services for it as Debtor in Possession subsequent to September 21, 1960 and to fix petitioner's compensation for services so rendered after September 21, 1960. This petition was denied by the Referee on November 2, 1960 "without prejudice to a normal application for accounting services in the regular course of business." Petitioner never filed a proof of debt or asserted any claim against the bankrupt Chemo Puro Manufacturing Corporation or any hiring of it for accounting services by Chemo Puro Manufacturing Corporation.

Under the circumstances, assuming the proof of debt filed with the creditors committee in the Century Estate to be a valid filing against Century Chemical Corporation, a question not before us for decision, such filing could not constitute a filing—ever so informal—against Chemo Puro Manufacturing Corporation, in the complete absence of any reference to it as a debtor in the proof of claim, or in the supporting invoices. Nowhere is there any assertion of any claim against Chemo Puro Manufacturing Corporation.

■ The motion to retain petitioner for services rendered and to be rendered subsequent to the arrangement date, was brought by Century Chemical Corporation alone in that proceeding only and for its benefit only. The only reference to Chemo Puro Manufacturing Corporation is the averment that Century Chemical Corporation was, at the time of the filing of the petition, engaged in the business of operating its subsidiary corporations "including Chemo Puro whose petition for an arrangement was also filed in this Court"; that prior to the arrangement, Century Chemical Corporation had retained petitioner to audit its books and that of "its subsidiaries"; a step necessary to effect an arrangement for Century Chemical Corporation or for Chemo Puro Manufacturing Corporation because the books of both were in a chaotic state. There is no mention made of any hiring of petitioner by Chemo Puro Manufacturing Corporation, in fact, the statement is that they were hired by Century Chemical Corporation to audit its and Chemo Puro Manufacturing Corporation's books. The supporting invoices are headed "Charges to Century Chemical" and are for various audits to Century Chemical Corporation and several of its subsidiaries, among which is listed Chemo Puro Manufacturing Corporation, and for loaned staff to Century Chemical Corporation. The services rendered to Chemo Puro Manufacturing Corporation are for the period July 31, 1959. The affidavit of one of petitioner's partners in support of the petition for retention states that petitioner has rendered services of various kinds to the "Debtor" (Century), and that the attached schedules indicate the compensation due them and the services rendered, and that petitioner is engaged in examining the books of the "Debtor" and its subsidiaries.

It is clear from Century Chemical Corporation's motion that the services for which petitioner sought compensation and for which Century Chemical Corporation sought authorization were rendered

at Century Chemical Corporation's request, even though these were on books of its subsidiaries, the management and operation of which was Century Chemical Corporation's business. The fact, therefore, that some of these services may have benefitted Chemo Puro Manufacturing Corporation does not convert Century Chemical Corporation's motion for authority to retain and pay petitioner it hired into a claim of debt due petitioner from Chemo Puro Manufacturing Corporation.

The letter to the Referee which petitioner now refers to (although it formed no part of the record in the Bankruptcy Court) merely serves to confirm the retention of petitioner by Century Chemical Corporation, unauthorized after September 21, 1960.[1]

There is nothing in the record of these proceedings which would suggest that the two bankrupt estates, although technically separate, were being administered as one on behalf of one debtor. Aside from their relationship of parent and subsidiary, their assets and most of their creditors are separate and distinct.

Petitioner and counsel were well aware of the two proceedings; they chose to file a claim against Century Chemical Corporation in the Century proceedings and none against Chemo Puro Manufacturing Corporation in those proceedings—the usual way a claim is asserted by a creditor against a debtor. That this decision proved to be unwise is not ground for stretching discretion beyond reasonable limits.

We conclude that none of the papers filed by petitioner in the Estate of Century Chemical Corporation constituted in substance or in form timely filing of a claim against Chemo Puro Manufacturing Corporation for services allegedly performed prior to September 21, 1960; that there is nothing, therefore, which could be amended and that the Referee was correct in denying the motion.

So ordered.

1. Following an order of the Referee permitting the filing of claims arising after September 21, 1960, on November 1, 1961 petitioner filed a claim for accounting services against Chemo Puro Manufacturing Corporation and against Century Chemical Corporation for services rendered after the filing of the arrangement petition; as we have seen, no order of retention for the performance of such services was ever sought with respect to Chemo Puro Manufacturing Corporation and the order sought by Century Chemical Corporation was denied. The validity of these post arrangement claims is not before us (although objections have been filed by the Trustee) and decision has been deferred pending determination by the Court of Appeals of the Referee's order, affirmed by Judge Sugarman, denying Century Chemical Corporation's petition for retention.