John WALSH, Trustee in Bankruptcy for Basic Mining, Inc. [formerly Cauley & Martin, Inc.], Bankrupt, Appellant,

v.

LOCKHART ASSOCIATES [Col. Warren L. Lockhart, Col. Erskine Wigley, Col. Cyril A. Millson, (Navy) Captain Phillip W. Garnett, and Col. Clarence J. Lang], Appellees.

Nos. 21065, 21355.

United States Court of Appeals Fifth Circuit.

Nov. 27, 1964.

Certiorari Denied March 29, 1965.
See 85 S.Ct. 1085.

Louis A. Sabatino, Louis Phillips, Miami, Fla., for appellant.

Bernard B. Weksler, Miami, Fla., for appellees.

Before JONES and GEWIN, Circuit Judges, and ESTES, District Judge.

ESTES, District Judge.

Both of the captioned appeals will be disposed of by one opinion since No. 21355 is nothing but a modal effort by appellant, John Walsh, Trustee, to escape the consequences of his own failure timely to seek review, as provided in 11 U.S.C.A. § 67, sub. c, of an order of the Referee in bankruptcy granting appellees, Col. Warren L. Lockhart and associates, leave to file their proof of claim.

Appellant contends that the trial court erred in finding and concluding that appellees were holders in due course of the $125,000.00 promissory note of Cauley & Martin, Inc. (and William H. Cauley and George W. Martin, individually) dated March 9, 1961, and payable one year from date to the order of Inter-American Products Corporation, which note formed the basis of appellees' claim in bankruptcy. The record fully supports the trial court's conclusions that appellees' note was complete and

regular upon its face; that appellees became the holder thereof in good faith and for value, before the note was overdue, and without notice of any infirmity therein or defect in the title of any person negotiating it; and that appellees were holders in due course of said note under Florida Statutes, Sec. 674.11, F.S.A. Therefore, appellees hold said note free from defects in title between, or defenses available to, any prior parties among themselves, as asserted by appellant. Florida Statutes, Sec. 674.59, F.S.A.

Appellant's further contention that the Referee's order granting leave to file appellees' proof of claim after the 6 months period provided by 11 U.S.C.A. § 93, sub. n was error, is also without merit.

Appellant did not file a petition to review said order of the Referee within the 10 day period provided in 11 U.S.C.A. § 67, sub. c, and he never urged such point until after the District Court had entered its judgment holding that appellees were holders in due course of the note upon which their claim was based.

The bankrupt had changed its corporate name from Cauley & Martin, Inc. to Basic Mining, Inc. only a few days before filing its voluntary petition in bankruptcy; appellees were not scheduled as the holder and owner of a claim against the bankrupt or of the note in question; and no notice of the bankruptcy proceedings or of the time for filing proofs of claims was given to appellees during such 6 months period, although within said period: the trustee, his attorney and the Referee knew appellees' note was an outstanding obligation of the bankrupt; the trustee had instituted suit to cancel such note in a Delaware Federal Court, against the original payee and a remote endorser in appellees' chain of title; and the trustee's attorney had received process in a Florida State Court suit instituted by appellees against Cauley & Martin, Inc. to collect on the note. On the very day

the 6 months filing period expired (Friday, April 27, 1962), the trustee mailed to appellees an Application for Restraining Order and Notice of Hearing seeking to enjoin appellees from prosecuting their Florida State Court suit on the note. By this application, received after the 6 months period had expired, appellees first learned of the bankruptcy proceedings.

The knowing conduct of the bankrupt, the trustee, his attorney and the Referee with respect to the obligation created by the note in question constituted recognition of a claim upon appellees' note and the presentment thereof, albeit informal, before the expiration of the six months filing period, and made the Referee's formal order granting leave to file the proof of claim tantamount to leave to file an amended claim within the contemplation of the statute.

Had the Referee refused to permit the filing of appellees' proof of claim, a rank fraud would have been practiced upon them. This Court's recent opinion in Genl. Elec. Co., et al. v. City of San Antonio, et al. (5 Cir., 1964), 334 F.2d 480, 483, holding fraudulent concealment tolls the statute of limitations on treble-damage suits under 15 U.S.C.A. § 15, quotes the statement of the Supreme Court in Holmberg v. Armbrecht, 327 U.S. 392, 397, 66 S.Ct. 582, 90 L.Ed. 743, 162 A.L.R. 719 (1946), that: "The equitable doctrine is read into every federal statute of limitation."

Having concluded that the record contains no reversible error and that the judgment of the District Court should be affirmed, it is unnecessary for us to pass on appellees' contention that, since they are all officers in the United States Air Force or Navy, 50 U.S.C.A.App. § 525 exempts them from the filing requirements of 11 U.S.C.A. § 93, sub. n.

Appellant's post-argument motion to reset cause for further hearing and argument is hereby denied; and the judgment of the District Court is

Affirmed.