**In re NUCORP ENERGY, INC., an Ohio corporation, and its Affiliates, Debtors.**

**Bankruptcy No. 82–03106–K11.**

United States Bankruptcy Court, S.D. California.

Sept. 12, 1985.

Morrison & Foerster, San Francisco, Cal., for United Pipe & Supply, Inc.

Connor & Winters, San Diego, Cal., for trustee.

## MEMORANDUM OF DECISION

LOUISE DeCARL MALUGEN, Bankruptcy Judge.

The movant/creditor United Pipe and Supply, Inc. ("United"), seeks an order deeming its proof of claim filed as of December 17, 1982 or, in the alternative, for an order allowing late filing of a claim.

## SUMMARY OF FACTS

In November 1981, United sold equipment to Nucorp Supply, Inc. ("Supply"). Nucorp Energy, Inc. ("Energy"), Supply's parent company, guaranteed Supply's obligation to pay United under the contract. In July 1982, Energy and Supply both filed for reorganization under Chapter 11. These proceedings were consolidated for administrative purposes.

On December 14, 1982, counsel for United prepared and timely submitted for filing two proofs of claim, each in the amount of $12,813,147.27. One claim was for breach of the contract to pay for the goods; this was to be filed against Supply (Case No. 82–03126–K11). The other claim was for breach of guaranty of Supply's obligation on the sale of goods which was to be filed against Energy (Case No. 82–03106–K11). Counsel for United submitted these claims with a transmittal letter referencing both cases and requesting the Clerk to file the claims in each of the cases. Both the proofs of claim and the letter were sent by certified mail to the Bankruptcy Court Clerk's Office. A return receipt was subsequently executed by the Bankruptcy Clerk. As this action was taken prior to the appointment of a trustee in these cases, counsel for United also mailed copies of the proofs of claim and the letter to the debtors' counsel.

On December 17, 1982, the Energy claim was erroneously filed in the *Supply* case. The Supply claim was never filed by the Clerk's Office and cannot be found. At the time the misfiling occurred, counsel for United was unaware that neither of the claims had been properly filed. On January 1, 1983, United requested copies of the claims from the Clerk's Office. Pursuant to that request, United received a file stamped copy of the Energy claim. As the Clerk's file stamp does not indicate the number of the case in which the document is actually filed, United had no way of knowing an error had occurred. United did not receive copies of the Supply claim and attributed this to the Clerk's oversight and not to the fact that the original Supply claim was never filed in any case. The bar date for all claims passed August 1, 1983.

United became aware of the error on November 21, 1984, when it was served with the trustee's objection to claim and notice of hearing/objection to claim number F18000063. This objection was directed to the Energy claim which had been improperly filed by the Clerk in the *Supply* case. The basis for the objection was that Supply had no obligation to United on a guaranty. It was at this time that United discovered that no claim had ever been filed on the contract in the *Supply* case. That discovery leads us to the present motion.

## DISCUSSION

In a lengthy opposition filed by the trustee, it is argued that the bar date of

August 1, 1983, precludes the late filing of claims by creditors. This Court needs no case authority to decide whether a fresh claim can be filed late and be deemed timely. The answer is a resounding *no*. United is not asking this Court to contravene any of the rigid time bar policies as established by the Bankruptcy Reform Act of 1978.

United raises the proper issue. Did the misfiled Energy claim (for breach of the guaranty of Supply's obligation to pay United) constitute an amendable informal proof of claim against Supply on the original contract?

█ As enunciated in *In re Franciscan Vineyards, Inc.*, 597 F.2d 181, 183 (9th Cir.1979) *per curiam, cert. denied* 445 U.S. 915, 100 S.Ct. 1274, 63 L.Ed.2d 598 (1980) and later followed in *In re Sambo's Restaurants*, 754 F.2d 811 (9th Cir.1985), for a document to constitute an informal proof of claim, a three-prong test must be satisfied. The document must state an explicit demand showing (1) the nature of the claim, (2) the amount of the claim against the estate and (3) must evidence an intent to hold the debtor liable. *In re Franciscan Vineyards, Inc.*, at 183; *In re Sambo's*, at 815.

In *Sambo's*, the debtor filed for Chapter 11 relief on November 27, 1981, in the Central District of California. The Bankruptcy Court set July 12, 1982 as the last day for filing proofs of claim. On February 19, 1982, the plaintiff, in violation of the automatic stay, filed a wrongful death action against the debtor in the United States District Court for the Northern District of Alabama. Sambo's Alabama counsel informed the plaintiff of the bankruptcy proceedings and demanded that the plaintiff dismiss the suit. The two parties continued to exchange correspondence. At no time was there any mention of the July 12, 1982 bar date. The District Court denied a joint motion to transfer the Alabama complaint to the Central District of California Bankruptcy Court and instead, on June 30, 1982, dismissed the action. In December 1982, the plaintiff moved the Bankruptcy Court for leave to amend an informal proof of claim. The Bankruptcy Court denied this motion, stating that the wrongful death complaint filed in violation of the automatic stay did not constitute an informal proof of claim. The District Court reversed and the United States Court of Appeals for the Ninth Circuit affirmed, holding that the above-described three-prong test had been satisfied.

█ The instant case also satisfies the requirements of this test. The Energy claim (on the guaranty) initially filed in the *Supply* case makes a claim in the exact amount of the lost Supply claim. The critical hurdle is whether or not the misfiled Energy claim describes with sufficient particularity the nature of the intended Supply claim so that Supply knew or should have known the nature of the claim and United's intent to hold it liable on the claim. This Court holds that it does. Attached to the Energy claim on the guaranty are copies of the original purchase orders on Supply letterhead and signed by two employees of Supply and a copy of the guaranty agreement between United and Energy. The one-page guaranty agreement specifically mentions Supply in each of its first two paragraphs. Supply cannot in good faith argue that it did not know the nature of the claim asserted against itself.

In *In re Westgate California Corp.*, 621 F.2d 983 (9th Cir.1980) which the trustee cites in his favor, amended proofs of claim which were filed late could not relate back to the date of the original proof because "... [t]he original claim did not give fair notice of the conduct, transaction or occurrence that formed (the) basis of the claim asserted in the amendment." *Id.* at 984. In the instant case, both claims have their roots in the same conduct, transaction or occurrence, i.e., the sale of goods. The claims are so inextricably bound together, that to pull on the string of one would be to untie the knot of the other.

Additional support for United is found in *In re Kardos*, 17 F.2d 706 (2d Cir.1927). There, the claimant filed a claim against "... the said Kardos and Burke, individual-

ly and as co-partners." The court interpreted the claim liberally as a demand against both the individual estates of Kardos and Burke and as against their partnership, all three of which were adjudged bankrupt. That court later allowed the claimant to amend even though the statutory period had expired.

Cases cited by the trustee, such as *In re Chemo Puro Mfg. Corp.*, 213 F.Supp. 845 (S.D.N.Y.1962) *aff'd sub nom. Arthur Anderson & Co. v. Vincent*, 313 F.2d 631 (2d Cir.1963); and, *In re Ealy*, 31 F.2d 314 (E.D.Mich.1929), raise different issues. They consist of factual scenarios in which a creditor filed a claim against one party and then, after the bar date, attempted to file a separate claim against a separate but closely associated entity. Such is not the case here, as indicated by the facts.

This Court recognizes the long established liberal policy toward amendment of proofs of claim. *In re Patterson-McDonald Shipbuilding Co.*, 293 F. 190, 191 (9th Cir.1923); *Sun Basin Lumber Co. v. U.S.*, 432 F.2d 48, 49 (9th Cir.1970); *Franciscan Vineyards, supra*, at 182; *Sambo's supra*, at 816. To refuse to grant the motion to amend the informal proof of claim would contravene the clear precedent of this Circuit.

> In the absence of prejudice to an imposing party, the bankruptcy courts, as courts of equity, should freely allow amendments to proofs of claim that relate back to the filing date of the informal claim, when the purpose is to cure a defect in the claim as filed or to describe the claim with greater particularity. *Sambo's* at 816–17.

No actual prejudice will result from allowing the amendment. Supply knew, or should have known, of the existence of United's claim against its estate. "There is no great burden upon the trustee in being required to read and to reasonably construe those documents sent to them." *Franciscan Vineyards* at 183. No plan or distribution has been effected. Nor will allowing the amendment of the claim undo

any settled affairs upon which an interested party is relying.

This Memorandum of Decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. Counsel for United shall prepare and submit an order in conformance with this Decision within ten (10) days of its entry.