**In re KENITRA, INC., Debtor.**

**Bankruptcy No. 382–02649.**

United States Bankruptcy Court, D. Oregon.

Sept. 20, 1985.

Peter Raphael of Greene & Markley, P.C., Portland, Or., for trustee Robert K. Morrow, Inc.

Jack Schwartz of Newcomb, Sabin, Schwartz & Landsverk, Portland, Or., for Lees-Carney.

MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

This matter came before the court upon a request for hearing on the trustee's objection to the claim of Lees-Carney & Com-

pany (hereinafter referred to as "Lees-Carney").

The trustee objected to the claim of Lees-Carney as being untimely filed. The last day for filing claims was June 2, 1983. Lees-Carney admits that its formal proof of claim was not filed until June 8, 1983. Nevertheless, Lees-Carney argues that it had timely filed an informal proof of claim and that the formal proof of claim relates back to, and merely amends, the informal claim.

Lees-Carney points out that at the time the petition herein was filed, the debtor was indebted to Lees-Carney in the approximate amount of $82,715. Further, at the time the petition was filed, Lees-Carney was indebted to a corporation known as River Grain, Inc., a Washington Corporation, in the approximate amount of $70,008. In late 1982, River Grain, Inc., sued Lees-Carney in a Washington State Court seeking $76,482.71 in alleged damages. In January, 1983, Lees-Carney filed an answer and counterclaim to River Grain, Inc.'s complaint. In that counterclaim, Lees-Carney alleged that the debtor had filed bankruptcy and that the debtor was indebted to Lees-Carney in the approximate amount of $73,000. Lees-Carney made this allegation against River Grain, Inc. because Lees-Carney believed the debtor and River Grain, Inc. were so closely related that Lees-Carney could offset its claim against the debtor against River Grain, Inc.'s claim against Lees-Carney.

Sometime after River Grain, Inc. filed its action in Washington State Court against Lees-Carney, the case was removed to the U.S. District Court for the Eastern District of Washington. These facts are undisputed.

Finally, at the hearing in this court on the trustee's objection, the parties stipulated that, if called to testify, Mr. Kenneth Fisher, a representative of Lees-Carney, would testify that he orally informed the trustee of the nature and amount of Lees-Carney's claim against the debtor in April, 1983. The parties also stipulated that the president of the trustee, Robert K. Morrow, if called to testify would state that, although he recalled speaking with Mr. Fisher, Mr. Morrow could not recall whether Mr. Fisher had orally notified Mr. Morrow of the nature and amount of Lees-Carney's claim against the debtor.

Based on these facts, Lees-Carney asserts that it has timely filed an informal proof of claim which may now be amended.

■ Initially, the court observes that an informal proof of claim must be a written instrument. *In Re Stewart*, 46 B.R. 73 (Bkrtcy.D.Or.1985). As this court stated in *Stewart*:

> [A]lthough ... [the creditor's] participation in this case has been extensive, the court may not rely on that fact in determining the sufficiency of any writings which were presented to the court within the time limit. Any such writings must stand or fall on their own merit. *Id.*, at 76.

Therefore, any oral communications between Lees-Carney and the trustee are not relevant to the question of the adequacy of the documents relied upon as an informal proof of claim.

This court has previously detailed the requirements for an informal proof of claim. In *In Re Stewart, supra,* this court, reiterating the test enunciated by the Ninth Circuit Court of Appeals, held that an informal proof of claim must be a written instrument, filed with the trustee or the court which brings to the attention of the court the nature and amount of the claim. *Id.*, at 76. The document(s) must also evidence an intent to hold the debtor liable. *In Re Sambo's Restaurants, Inc.*, 754 F.2d 811 (9th Cir.1985).

■ Lees-Carney argues that its counterclaim in the River Grain, Inc., litigation was a written instrument which states the nature and amount of the claim and evidences an intent to look to the bankrupt for satisfaction.

In support of this argument, Lees-Carney relies heavily upon *In Re Sambo's Restaurants, Inc., supra.* In *Sambo's*, a

creditor had filed a wrongful death complaint in the U.S. District Court for the Northern District of Alabama against the debtor in possession. The bankruptcy case was pending in the Central District of California. Before the claims-bar date, a motion was filed in Alabama to transfer the Alabama case to the bankruptcy court in California. The creditor did not file a proof of claim in time. After the time limit, the creditor filed a motion for leave to amend an informal claim.

In affirming the District Court's reversal of the Bankruptcy Court's order denying the motion, the Court of Appeals held that because Sambo's was a debtor in possession, "communications to Sambo's were the equivalent of communications to a trustee." *Id.*, at 815.

In the instant case, the debtor is not a debtor in possession as the debtor was in *Sambo's*. Also, neither the debtor nor the trustee in the instant case was a party to the lawsuit pending in the U.S. District Court for the District of Washington. Therefore, Lees-Carney's answer and counterclaim in the River Grain, Inc. litigation does not constitute written notice to the trustee of the nature and amount of the claim.

Lees-Carney next argues that Bankruptcy Rule 5005(b) does not require an intent to file the proof of claim in the district in which the bankruptcy case is pending. Bankruptcy Rule 5005 states:

(a) Filing. The petition, proofs of claim or interest, complaints, motions, applications, objections and other papers required to be filed by these rules, except as provided in 28 U.S.C. § 1473 shall be filed with the clerk of the court in which the case under the Code is pending. The judge of that court may permit the papers to be filed with him, in which event he shall note thereon the filing date and forthwith transmit them to the clerk.

(b) Error in Filing. A paper intended to be filed but erroneously delivered to the trustee, the attorney for the trustee, a bankruptcy judge, a district judge, or the clerk of the district court shall, after the date of its receipt has been noted thereon, be transmitted forthwith to the clerk of the bankruptcy court. In the interest of justice, the court may order that the paper shall be deemed filed as of the date of its original delivery.

Lees-Carney asserts that in *Sambo's*, the Ninth Circuit has interpreted this rule liberally to recognize an exception for erroneous filings regardless of any specific intent to file with the bankruptcy court. *Id.*, at 815. Therefore, Lees-Carney argues, although the document in question was not intended to be filed with the bankruptcy court, it *was* filed with "a district judge", as required by Bankruptcy Rule 5005(b).

While the court in the *Sambo's* case indicated that Rule 5005(b) should be liberally interpreted, the court was not called upon to determine whether the filing of papers with a district judge or the clerk of a district court, other than in the district in which the bankruptcy case was pending, and in litigation in which neither the debtor, the debtor in possession, nor the trustee was a party, would satisfy the rule.

In a Chapter 7 liquidation, the court in which the case is pending must at some point be made aware of the claims asserted against the estate in order to order a distribution of the assets of the estate after they have been liquidated. Accordingly Rule 3002(a) provides that an unsecured creditor must file a proof of claim. Rule 3002(b) provides that the proof of claim must be filed in accordance with Rule 5005. Rule 3002(c) fixes the time within which the proof of claim must be filed. Subparagraph (a) of Rule 5005 states that the proof of claim shall be filed with the clerk of the court in which the bankruptcy case is pending or with the judge of that court. However, for the creditor who erroneously files with the wrong person, subparagraph (b) of Rule 5005 offers protection. But, in the view of this court, the persons with whom a claim may be filed under subparagraph (b) are only those persons connected with the particular bankruptcy case in which the creditor has an interest or those persons connected with the particular court con-

cerned with the administration of the bankruptcy case.

Since a bankruptcy case pending in a bankruptcy court may be withdrawn to the district court of that district, it would seem reasonable that a proof of claim filed with the clerk of the bankruptcy court should be treated as a claim filed with the clerk of the district court or vice versa. Also, since the trustee and the attorney for the trustee are intimately concerned with the administration of the bankruptcy case, it is appropriate that a claim filed with either of them be treated as having been filed with the clerk of the court. Also, since there may be more than one judge of the district court or more than one bankruptcy judge of the bankruptcy court in which the case is pending, it is reasonable to treat any claim filed with any judge of the court as having been filed with the clerk of the court. Filing with any such persons is likely to bring to the attention of the concerned court the fact that a claim is being asserted. The same cannot be said of a claim filed with a judge, a trustee, an attorney for a trustee, or a clerk of a court, having no connection with the bankruptcy case in which the claim is asserted.

It must be noted that subsection (b) refers to *the* trustee, *the* attorney for *the* trustee, and *the* clerk. Obviously the use of the term "the" has a different meaning than the term "a" would have. Since subsection (a) refers to *the* clerk of *the* court in which the case is pending or *the* judge of that court, subsection (b) which uses *the* trustee, *the* attorney, and *the* clerk of the district court must refer to the persons connected with the particular case or court in which the case is pending. Since there may be more than one bankruptcy judge or more than one district judge of the court in which the case is pending, it is not inconsistent to use the term "a" rather than the term "the" when referring to a judge.

Bankruptcy Rule 5005(b) recognizes that creditors may reasonably believe that filing a paper with the trustee in a bankruptcy case or a judge of the court in which the case is pending, is sufficient to apprise the court where the case is pending of the existence of a claim. It is not reasonable for creditors to believe, however, that the filing of a paper with a district judge in the Eastern District of Washington, in a case in which the debtor is not a party, will notify the bankruptcy court in the District of Oregon of the existence of a claim against the debtor's estate.

Accordingly, the papers filed by Lees-Carney in the U.S. District Court for the Eastern District of Washington shall not be deemed filed with this court as of the date they were filed in Washington.

Even if the papers were timely filed in Oregon, however, the documents in question do not evidence an intent to hold the debtor or the estate liable. Lees-Carney relies on paragraphs V, VI, and VII of its counterclaim. These paragraphs provide as follows:

### V.

On August 23, 1982, an Order for Relief under 11 USC § 7 was filed against Kenitra, Inc.

### VI.

At the time the Order was filed, Kenitra was indebted to Lees-Carney for approximately $83,000.

### VII.

Lees-Carney is informed and believes, and therefore alleges, that during the time Lees-Carney is alleged to have become indebted to River Grain, that River Grain, Inc., and Kenitra, Inc. so commingled their commercial businesses so that the debt of Kenitra, Inc. was assumed by River Grain, Inc.

After reading paragraph VII, one might reasonably conclude that Lees-Carney believed that River Grain, Inc. had assumed the obligation and that Lees-Carney was seeking payment from River Grain, Inc. rather than from the debtor. An interested party might well conclude from paragraph VII of the counterclaim that Lees-

Carney had consciously chosen to pursue River Grain, Inc. for the debtor's indebtedness rather than pursue a bankrupt entity. Therefore, rather than expressing an intent to hold the debtor or the estate liable, the counterclaim may express an intent by Lees-Carney to waive any claim against the debtor or the estate. Accordingly, even if the counterclaim had been properly and timely filed with this court, it does not meet the requirements for an informal proof of claim.

Lees-Carney argues that the court must be liberal in allowing amendments of informal proofs of claim. As this court has previously stated in *In Re Stewart, supra,* at 77:

> This court recognizes that:

> The court will be liberal in permitting amendments to claims where an attempt has been made, within the time limit, to comply with the requirement that a proof of claim be filed; and ... that the courts, in cases in which no injustice will be done, will be liberal in determining that such an attempt has been made. *Perry v. Certificate Holders of Thrift Savings,* 320 F.2d 584, 590 (9th Cir.1963). What appears just to ... [this creditor], however, may seem unjust to the debtor's other unsecured creditors who filed claims in time.

If the claim of Lees-Carney were allowed, the other unsecured creditors who filed timely claims would receive a smaller dividend than if it were disallowed.

> As the court stated in *Perry:*

> The statutory scheme gives a priority to those creditors whose claims are duly proved and allowed. If this were not so, there would be no reason for the provision in the statute permitting the payment, in those cases where there is enough money to pay all proved and allowed claims in full, of claims not duly proved within the time limited (sic). The effect of the scheme is to give to those creditors who do file and do have their claims allowed, rights against creditors who do not do so. These rights, and the period of time that has elapsed since

October 6, 1980 should be considered in deciding what action to take in connection with the allowance of amended claims.

These matters we leave to the district court and the referee, who, for this purpose, function as a court of equity, and must bear in mind the rights of those who did file in proper form and within time. *Supra,* at 591.

Accordingly, the trustee's objection to the claim of Lees-Carney is sustained. An order disallowing Lees-Carney's claim will be entered herein.

This opinion constitutes the court's findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.