**In re Donald E. SHERRET, Debtor.**

**Bankruptcy No. 585–00931–S.**

United States Bankruptcy Court,
W.D. Louisiana,
Shreveport Division.

March 10, 1986.

Glenn L. Langley, Hargrove, Guyton, Ramey & Barlow, Shreveport, La., for movant, Nat. Fidelity Bank of Shreveport, La.

Gene Howard, trustee, Shreveport, La., opponent.

## MEMORANDUM AND ORDER

LEROY SMALLENBERGER, Bankruptcy Judge.

The National Fidelity Bank of Shreveport, Louisiana, filed this Motion to Modify Stay or for Adequate Protection in response to an Ex parte Turnover Order obtained by the Trustee. The Turnover Order directed the bank to turnover some $369.28 that the debtor maintained in two accounts at the bank. The bank is a creditor of the debtor for approximately $20,-000.00.

The Trustee opposes the motion of the bank[1] on the grounds that no formal proof of claim was filed as required by the standard Chapter 7 ordered issued by this

---

1. And apparently a setoff of the funds under section 553 of the Bankruptcy Code.

Court. The bank, however, did file in this Court, within the bar date, Adversary Proceeding # 585–0255. Additionally, the debtor admitted, in his answer to the complaint, that the bank is a creditor of the debtor arising from the $20,000.00 loan.

After examining the law and the arguments of the parties, the Court concludes that the opposition of the Trustee must be rejected and the complaint considered a proof of claim as defined in Bankruptcy Rule 3001 sufficient to protect the bank's interest in the estate of the debtor. Recent case law has evolved the equitable doctrine of an "informal" proof of claim. For a document to constitute an informal proof of claim, a three-prong test must be satisfied; the document must state an explicit demand showing: 1) the nature of the claim, 2) the amount of the claim against the estate, and 3) must evidence an intent to hold the debtor liable. *In re Nucorp Energy, Inc.* 52 B.R. 843 (Bkrtcy.N.D.Ca. 1985). The Court believes that the filing of the adversary proceeding in this Court meets all the requirements as set out by the Court in *Nucorp Energy.* See also, *In re Francisian Vineyards, Inc.,* 597 F.2d 181 (9th Cir.1979) cert. denied, 445 U.S. 915, 100 S.Ct. 1274, 63 L.Ed.2d 598, holding that for documents to constitute an informal proof of claim, they must state an explicit demand showing the nature, and amount of the claim against the estate and evidence an intent to hold the debtor liable. In the absence of prejudice to an opposing party, bankruptcy courts, as courts of equity should allow amendments to proofs of claim that relate back to the filing date of the informal claim when the purpose is to cure a defect in the claim as filed or to describe the claim with greater particularity. *Warts v. Weller* 653 F.2d 1288 (9th Cir.1981). Although no Fifth Circuit cases are on point, the Court notes two other Ninth Circuit cases, *In re Pizza of Hawaii, Inc.,* 761 F.2d 1374 (9th Cir.1985) and *In re Sambo's Restaurants,* 754 F.2d 811 (9th Cir.1985). In *Sambo's,* the claimant's filing of a wrongful death action, in District Court, prior to the bar date, together with correspondence from the claimant and the debtor to transfer the case to the Bankruptcy Court was held sufficient to constitute an amendable proof of claim, even though the wrongful death action was dismissed by the District Court. In *Pizza,* a creditor of the Chapter 11 debtor had filed an action against the debtors prepetition, and post-petition, had filed a Motion for Relief from the Stay to join the debtor as a defendant. The Court held that the creditor's participation in the Chapter 11 case, and the documents filed in the Bankruptcy Court were sufficient to be considered a proof of claim that could later be amended to be made a formal proof of claim.

Accordingly, the Court concludes that it is not an abuse of discretion to recognize the informal proof of claim.

### ORDER

For the reasons provided in our Memorandum,

IT IS ORDERED that the Trustee, Mr. Gene Howard, within 15 days of the notice of entry of this Order, pursuant to section 501(c) of the Bankruptcy Code file an amended Proof of Claim on behalf of the Creditor, National Fidelity Bank of Shreveport, Louisiana.

IT IS FURTHER ORDERED that, in accordance with our opinion today, said amendment will be considered as filed and relate back to the date Adversary Proceeding # 585–0255 was filed with this Court.

IT IS FURTHER ORDERED that Movant submit an order Lifting the Automatic Stay after the formal proof of claim is filed with the Court.