## In re HAUGEN CONSTRUCTION SERVICES, INC., Debtor.

### Bankruptcy No. 85–05321.

United States Bankruptcy Court, D. North Dakota.

Feb. 29, 1988.

William P. Westphal, U.S. Trustee, Minneapolis, Minn.

Max Rosenberg, Bismarck, N.D., for debtor.

Edward Klinger, Moorhead, Minn., for Butler Machinery.

Richard P. Olson, Minot, N.D., for American Bank.

John Petrik, Minot, N.D., for Westlie Motor Co.

Phillip D. Armstrong, Minot, N.D., trustee.

## ORDER

WILLIAM A. HILL, Bankruptcy Judge.

This matter is before the court on motion to amend informal proof of claim filed by Butler Machinery Co. (Butler), a creditor in this case. The motion, filed on January 6, 1988, is opposed by the Debtor as well as several other creditors. Resolution of the motion turns on the facts as they appear in the record and the law applicable to proofs of claim and their amendment. The parties have provided the court with multiple briefs and also argued their positions in a telephonic hearing held on February 24, 1988.

The court's order is based upon the file as well as the records therein, briefs and arguments of counsel.

1.

Haugen Construction Services, Inc., the Debtor herein, filed its petition under Chapter 11 of the Bankruptcy Code on June 3, 1985, and in its schedule A–3 listed Butler as having an unsecured claim in the sum of $821,159.00 stemming from a judgment obtained in state district court for Ward County, North Dakota. Butler's claim is not listed as being disputed, contingent or unliquidated.

Butler moved for conversion or dismissal of the Chapter 11 case and on May 22, 1986, the court entered an order converting the Chapter 11 to a Chapter 7. The clerk's notice of conversion, issued on June 3, 1986, states in paragraph five, "a creditor must file a proof of claim in order to share in any distribution from the estate whether or not the debt has been listed by the Debtor". September 22, 1986, was fixed as the last day to timely file a proof of claim in the Chapter 7 case. Butler did not file a formal proof of claim during the pendency of the Chapter 11 nor did it file a formal proof of claim in advance of the Chapter 7 proof of claim bar date.

While not filing a formal proof of claim in either the Chapter 11 or Chapter 7 case, Butler has been actively involved in the case from its original filing in June 1985. Butler believes the facts and circumstances of its involvement constitute an informal proof of claim amenable to being amended in the manner now requested.

In June 1985 Butler sought leave to conduct a Rule 2004 examination of the Debtor's principals, and as chairman of the unsecured creditors' committee it successfully obtained the appointment of an examiner in October 1985. Following receipt of the examiner's report, Butler moved for dismissal or conversion of the case.

The principal reason for Butler's dogged pursuit of these remedies was its perception that it had become the Debtor's only

unsecured creditor due to preferential treatment accorded certain creditors, all without court approval. This allegation was borne out by the examiner's report and the testimony of Mr. Haugen himself. The record in the Chapter 11 case amply reveals that all parties were well aware of Butler's claim through the date of conversion.

Subsequent to conversion to Chapter 7, Butler, chagrined over being left as the only unpaid creditor, continued to press for the initiation of recovery actions by the trustee. Perceiving the present trustee to be less than willing to pursue preferences and fraudulent transfer claims, Butler, on March 24, 1987, made a motion for his removal and for the appointment of a new trustee. The application for removal was denied with instructions that Butler and the trustee jointly devise a method of pursuing any claims that might exist. Butler indicated it would foot the bill for any recovery actions commenced. Lack of any forward momentum in this regard caused Butler to renew its motion for the trustee's removal in December 1987. Pursuant to a hearing on the question, the court ordered the trustee to promptly pursue a claim against First American Bank of Minot with Butler assuming all litigation costs.

In correspondence with the trustee and in various pleadings, Butler consistently refers to itself as the largest unsecured creditor. In a letter dated May 27, 1986, addressed to the United States Trustee concerning its efforts to have the trustee pursue recovery of preferences, Butler referred to itself as the only creditor left in the case and stated it was "owed approximately $800,000.00 by Haugen Construction Services, Inc. and its related entities". This letter is the only written document in evidence issued by Butler during the Chapter 7 proof of claim filing which expired on September 22, 1986. It does not appear that the letter itself was ever filed with the clerk.

By the instant motion Butler seeks leave to file a formal proof of claim in the amount of $821,151.00 as an amendment of an informal proof of claim which it believes the facts constitute.

**2.**

■ As secondary support for its motion, Butler urges that its Chapter 11 claim be treated as effective in the converted Chapter 7 case by application of Rule 1019 of the Federal Rules of Bankruptcy Procedure.

In a Chapter 11 case, a creditor, whose claim is listed in the schedules as Butler's was, need not file a formal proof of claim unless its claim is listed as disputed, contested or unliquidated. 11 U.S. § 1111(a). Rule 3003, applicable only in Chapter 9 and Chapter 11 cases, implements section 1111(a) by eliminating the necessity of a formal proof of claim in such instances. The Debtor's schedule of liabilities is prima facie proof of the claim providing the claim is listed. Because Butler's claim was scheduled and not denoted as disputed, contingent or unliquidated, it was "deemed filed" in the Chapter 11 case. Confusion enters in, however, upon conversion. Rule 3002(a) provides that unsecured creditors must file a proof of claim except as provided in Rule 3003, 3004 and 3005. The implication is that except in Chapter 9 and Chapter 11 cases all unsecured creditors must file formal proofs of claim. The effect of conversion of a case from Chapter 11 to Chapter 7 does not change this requirement despite Rule 1019(4). Rule 1019(4) as in effect in 1986 provides:

> "All claims filed in the superseded case shall be deemed filed in the Chapter 7 case."

The Third Circuit in the 1986 decision of *In re Crouthamel Potato Chip Co.*, 786 F.2d 141 (3rd Cir.1986), held, in case involving facts similar to those now at issue, that the acknowledgment of a creditor's claim by listing it on a Chapter 11 schedule obviates the need for filing a formal proof of claim should the Chapter 11 be later converted to a Chapter 7. The *Crouthamel* case believed the reference in Rule 1019(4) to "all claims filed" was inclusive of those which were "deemed filed" in a previous Chapter 11 by operation of section 1111(a), Rule 3002(a) notwithstanding.

This court does not follow *Crouthamel* as is evident from the notice of conversion

issued on June 3, 1986, which plainly says that a creditor must file a proof of claim whether or not the debt has been listed by the debtor. This view is in keeping with the language of Rule 3002(a) and is in line with the better-reasoned cases. Claims "deemed filed" in a Chapter 11 case are not filed for purposes of a Chapter 7. Indeed, Rule 1019(4) as amended in 1987 now makes it quite clear that only claims *actually* filed in the preceding case are regarded as filed in a subsequent Chapter 7. Consequently, the fact that Butler's claim was regarded as filed in the preceding Chapter 11 is not dispositive of the issue. Once the case was converted to a Chapter 7 the question of whether Butler may be regarded as having a proof of claim, formal or informal, rises anew.

### 3.

 The failure on the part of Butler to file a formal proof of claim within the Chapter 7 claim bar date is not necessarily fatal to its motion. The purpose of a proof of claim in a Chapter 7 case is to provide the trustee with adequate notice of the creditor's claim. Obviously, a formally filed proof of claim accomplishes this purpose, but so too may an informal assertion of a claim—characterized as an informal proof of claim. If an informal proof of claim exists, the courts liberally allow its later amendment. *Matter of Donovan Wire & Iron Co.*, 822 F.2d 38 (8th Cir. 1987). *Donovan Wire* cited as authority the early case of *Tarbell v. Crex Carpet Co.*, 90 F.2d 683 (8th Cir.1937). That case suggests that to constitute an informal proof of claim, the record made within the statutory period must disclose facts showing an assertion of a claim against the estate and an intention on the part of the creditor to share in the assets. *Tarbell* at 685. The case does not stand for the proposition that only a written document filed with the court may serve as an informal proof of claim but suggests that the court should look to the totality of the record to see if some pleadings or facts show that the trustee had been given notice of the claim. An informal proof of claim is said to exist "where the record contains all the facts necessary to establish a bonafide in-

debtedness and the circumstances under which it was incurred." Collier on Bankruptcy, 14 Ed. § 57.11(1), p. 195–96. What is necessary is for the claim to be implicit, whether made so by a single i worded document or from the totality of the circumstances as they appear in the record and files of the case. While courts seem to prefer a written document of some kind as indicative of a claim, they also place considerable weight upon the creditor's actions during the progress of the case; whether the creditor participated to such a degree that one could conclude it was doing so to protect its interest; whether the trustee by virtue of the creditor's involvement, received adequate notice of the claim. *In re Anderson—Walker Industries, Inc.*, 798 F.2d 1285 (9th Cir.1986); *In re Clapp*, 57 B.R. 921 (Bankr.Minn.1986); *Matter of Pizza of Hawaii, Inc.*, 40 B.R. 1014 (D.C.Hawaii 1984), *aff'd* 761 F.2d 1374 (9th Cir. 1985).

In the case at bar Butler has been consistently embroiled in disputes either with the Debtor itself or with the trustee since the commencement of the Chapter 11 case. Its pursuit of what it believed to be improper conduct on the part of the Debtor-in-possession and later on the part of the Chapter 7 trustee was done of a purely selfish motive. Obviously, as a creditor it wanted a funded estate out of which it would be paid something in recognition of its claim. Parroting *In re Clapp*, "it would be fanciful under these circumstances to suggest that a creditor who took an active part in a bankruptcy proceeding without filing a formal proof of claim had no intention of protecting his interest as a creditor in the bankruptcy estate." 57 B.R. at 924. From the record there can be no mistake that Butler was attempting, without any interruption in its efforts, to overturn perceived preferences and in so doing create a source for payment of its claim. It is difficult to conclude that Butler's actions do not amount to an informal proof of claim when it was Butler who, though its claim was listed in the Chapter 11 schedules, sought conversion of the case to a Chapter 7. Is it reasonable to conclude that Butler would

seek conversion without the expectation that its claim would carry forward against the Chapter 7 estate and that it would participate in any Chapter 7 distribution? This court thinks not. Butler's letter of May 27, 1986, to the trustee followed on the heels of this court's May 22 order of conversion and by that letter Butler made it clear it was a creditor of the Debtor in the amount of $800,000.00, that it felt it was being discriminated against and that as a creditor it wanted the trustee to pursue preference actions. Moreover, the fact that Butler is willing to shoulder all legal costs in connection with any preference actions maintained by the trustee is indicative of the very intimate relationship Butler has with this case.

From a review of the file and the records therein, this court believes Butler's actions throughout the pendency of both the Chapter 11 and the Chapter 7, when taken together, were sufficient to have put all parties, including the trustee on notice as to both the nature and the amount of its claim.

In view of the foregoing discussion, it is the order of the court that Butler Machinery Co. is possessed of an amendable informal proof of claim and may amend the same by filing a formal proof of claim in the sum of $821,159.00.

SO ORDERED.