## In re PERNIE BAILEY DRILLING COMPANY, INC., Debtor.

### Bankruptcy No. 486–00380–LO–7.

United States Bankruptcy Court,
W.D. Louisiana,
LaFayette–Opelousas Division.

July 27, 1989.

Thomas G. Gruenert, for debtor.

Hugh Wm. Thistlethwaite, Opelousas, La., trustee.

Jack Caldwell, for trustee.

Bruce Ruzinsky and Robert O. Thomas, Houston, Tex., for NCNB Texas Nat. Bank.

## MEMORANDUM OPINION

W. DONALD BOE, Jr., Bankruptcy Judge.

This matter came before the Court on a pleading of NCNB Texas National Bank that was captioned as a Motion for Leave to Amend Informal Proof of Claim. The Bank had filed no formal proof of claim prior to the passing of the bar date of which the Bank had notice. However the Bank contends that certain documents and events constitute an informal proof of claim, which can now be amended to allow it to assert a claim in excess of $2,000,-000.00. After hearing arguments of the Bank and opposing arguments of the Chapter 7 trustee, the Court took the matter under advisement. The issues raised have considerable significance beyond this particular case. After reviewing the positions of the parties and an abundance of case law on informal proofs of claim, the Court concludes on the facts of this particular case that the Bank has no informal proof of claim to which the Bank's attempted amendment could relate back.

### Facts

1. On March 11, 1986, Pernie Bailey Drilling Company, the Debtor, filed a voluntary Chapter 11 petition.

2. The Debtor had earlier given a collateral chattel mortgage to the Bank covering drilling rigs and other property. On April 4, 1986, the Bank filed a motion for relief

from stay to allow foreclosure of this property. The relief from stay motion listed an amount of principal indebtedness allegedly owed to the Bank. That motion was granted by my predecessor on April 10, 1986, some months before any trustee was appointed.

3. On April 11, 1986, the Debtor filed schedules that listed the Bank as having a secured claim of $3,767,329. The schedules did not list the Bank's claim as contingent, disputed, or unliquidated.

4. On April 14, 1986, the Bank commenced foreclosure proceedings in state court. No pleadings relative to this were filed in bankruptcy court. Some documents were served in the state court proceedings on the Debtor or his attorney, including a petition for executory process, a notice of seizure and sale with a notice to appoint an appraiser, and state court orders (collectively, the Foreclosure Documents).

5. On June 11, 1986, a sheriff's sale was conducted at which the Bank purchased collateral for a total of $116,667.00, which amount less certain costs was credited to the indebtedness owed by debtor to the Bank.

6. By letter of September 26, 1986, to the Debtor's counsel, the Bank's counsel provided what the Bank claims is a detailed itemization and quantification of its claim against the Debtor. (Exhibit G to Bank's Motion for Leave to Amend Informal Proof of Claim.)

7. On November 25, 1986, Debtor's case was converted to Chapter 7 and a trustee was appointed for the first time.

8. By court order, the deadline for filing proofs of claim in the Chapter 7 case was April 8, 1987. The Bank filed no formal proof of claim on or before that date.

9. The Bank's motion now claims that the estate is indebted to it in the amount of $2,652,966.25.

## Contentions of the Parties

The Bank contends that the motion to lift stay, the Foreclosure Documents, and the letter to the Debtor's attorney constitute an informal proof of claim which can be amended to allow the Bank to state its claim with greater particularity. The Trustee urges that these documents do not pass the tests used in *In re Sherret*, 58 B.R. 750 (Bankr.W.D.La.1986), and that even if they did, the documents do not constitute an informal proof of claim because, with the exception of the motion to lift stay, they were not filed with the Court, or even the trustee, as is required by Bankruptcy Rule 5005.

## Analysis

I shall first address the issue of whether or not the information provided in the documents relied upon by the Bank is sufficient to create an informal proof of claim. Under Bankruptcy Rule 3002, with certain exceptions not here relevant, the claim of an unsecured creditor cannot be allowed in a Chapter 7 case unless filed within 90 days after the first date set for the Sec. 341 meeting of creditors, and in accordance with Bankruptcy Rule 5005, which requires filing in the district where the bankruptcy case is pending. However, the document does not have to be styled "Proof of Claim" or be filed in the form of a claim, if it fulfills the purposes for which the filing of proof is required. *In re Lipman*, 65 F.2d 366, 368 (2nd Cir.1933). Bankruptcy Rule 3001(a) provides that a proof of claim is a written statement setting forth a creditor's claim and requires that it shall conform substantially to Official Form Nos. 19, 20, or 21.

A number of decisions recognize that various pleadings, documents, or written communications, not styled "Proof of Claim" may under certain conditions nevertheless constitute valid informal proofs of claim. *See, generally, In re A.H. Robins Co., Inc.*, 862 F.2d 1092, 18 B.C.D. 1034 (4th Cir.1988); *Anderson–Walker Industries., Inc. v. Lafayette Metals, Inc.*, (In re Anderson Walker Industries., Inc.), 798 F.2d 1285, 14 B.C.D. 1395 (9th Cir.1986); *Liakas v. Creditors Committee of Deja Vu, Inc.*, 780 F.2d 176, 178 (1st Cir.1986); *Sambo's Restaurants, Inc. v. Wheeler* (In re Sambo's Restaurants, Inc.), 754 F.2d

811, 12 C.B.C.2d 173, 12 B.C.D. 1177 (9th Cir.1985); *First National Bank of Lincolnwood v. Levine* (Matter of Evanston Motor Co., Inc.), 735 F.2d 1029, 10 C.B.C.2d 1137 (7th Cir.1984); *In re Haugen Constr. Servs., Inc.*, 88 B.R. 214 (Bankr.D.N.D. 1988); *Associated Financial Services Co. of Massachusetts v. Pabis (In re Pabis)*, 62 B.R. 633 (Bankr.D.Conn.1986).

■ The great weight of authority requires a written instrument for an informal proof of claim to exist. *See, e.g. In re Liakas*, 780 F.2d at 178; *In re Murchison*, 85 B.R. 37, 40–41 (Bankr.N.D.Tex.1987); *In re Pabis*, 62 B.R. at 636; *In re Kenitra, Inc.*, 53 B.R. 152, 153, 13 B.C.D. 719 (Bankr.D.Or.1985). Many courts have addressed the issue of what information must be present in the document. Although the language employed differs from case to case, most courts' have employed some form of the following test. For a written document to constitute an informal proof of claim, it must state an explicit demand showing 1) the nature of the claim, 2) the amount of the claim, and 3) an intent to hold the debtor's estate liable. *See, e.g., In re Anderson–Walker Inds., Inc.*, 798 F.2d 1285, 14 B.C.D. 1395; *In re Kenitra, Inc.*, 53 B.R. 152, 13 B.C.D. 719; *In re NuCorp Energy, Inc.*, 52 B.R. 843 (Bankr.S.D.Cal. 1985). These standards have also been used in the Western and Eastern Districts of Louisiana in *In re Sherret*, 58 B.R. 750 (Bankr.W.D.La.1986) and *Matter of Dingleman*, 1988 Bankr. Lexis 744, (Bankr.E.D. La.1988), respectively.

■ Applying the factors discussed to the present case, the Court has reached the following conclusions:

### 1) The Nature of the Claim

The motion for relief from stay filed by the Bank in the bankruptcy case apparently sets forth the nature of the claim, which arises from promissory notes and collateral mortgage notes payable to the order of the Bank's predecessor in interest, Interfirst Bank Fannin.

### 2) The Amount of the Claim

This Court is unable to find any explicit demand showing the amount of the claim. The amount of the claim is not indicated in the motion to lift stay. That motion and the notes attached thereto only show amounts that were originally owed by the Debtor. The Bank claims that the Foreclosure Documents and letter to the Debtor's attorney state the amount of the claim. However, this Court has been able to find no way that the figures utilized by the Bank in the petition for executory process and the state foreclosure order (which are identical), and in the letter to Debtor's counsel, can be reconciled, even if one attempts to adjust the disparate numbers to show accrued interest as of the same date. The Bank's motion asserts that the indebtedness of the estate is $2,652,956.65, but at hearing on the motion the Bank's counsel was unable to advise the Court of the amount of the Bank's claim, except to say that it was between two and three million dollars.

### 3) Intent to hold the debtor liable

The Bank argues that the notes attached to the motion and the letter evidence an implicit attempt to hold the Debtor liable for such claims. The Court recognizes that some courts have taken the position that the intent may· be implicit from the language of the documents. *See, e.g., In re Key*, 64 B.R. 786, 789 (Bankr.M.D.Tenn. 1986); *In re Basche–Sage Hardware Co.*, 56 B.R. 3, 5 (Bankr.W.D.Or.1985). However, the Court finds no intent in either of these two documents to seek distribution from the estate.

The lift stay motion filed by the Bank in this case merely evidences the Bank's desire to pursue its legal and equitable rights with respect to the security provided by the Debtor. *See, In re Mitchell*, 82 B.R. 583 (Bankr.W.D.Okla.1988). It contains no express or implied demand nor any expression of intent to hold the Debtor liable for any unsecured debt. Similarly, no demand was made in the letter to the Debtor's attorney setting out the remaining balance. Instead, the letter indicates that it was supplying information requested by the

Debtor's attorney, and that "...[T]his information should be sufficient for your purposes of preparing and filing operating reports on behalf of the debtor."

The Bank also urges that the Foreclosure Documents evidence an intent to hold the Debtor liable for all amounts due the Bank because they provide for sale "with appraisal". The Bank argues that the words "with appraisal" are used to preserve its right to a deficiency balance under LSA 13:4106. The Bank also relies on La.Civ.Pro art. 2771 which provides that a creditor may obtain a deficiency judgment only if the property has been sold after appraisal. The Bank is certainly correct that had it waived its right to an appraisal, the proceeds of the judicial sale would have fully satisfied and discharged the personal obligation of the Debtor. La. R.S. 13:4106. However, mere use of the routine words "with appraisal" in the Foreclosure Documents is not sufficient to constitute a demand evidencing an intent to hold the Debtor's estate liable in bankruptcy. The Writ of Seizure and Sale issued by the state court only concerned some of the collateral listed in the Bank's motion for lift of stay. The proceeds of the sale, involving property in St. Landry Parish, were only $116,667. The Bank was secured by other collateral, immovable and movable. Indeed, the Bank in its present motion alleges that the estate remains indebted to it in the amount of $2,652,966.65, secured by accounts receivable of the Debtor. This Court concludes from those facts that the Foreclosure Documents did not evidence any intent to hold the Debtor's estate liable.

The various documents relied upon by the Bank, even when taken as a whole, do not comprise a demand evidencing an intent to hold Debtor's estate liable. The Trustee urges that neither the letter from the Bank to the Debtor's counsel which allegedly set out the amount of the claim, nor the Foreclosure Documents which allegedly evinced the Bank's intent to hold the Debtor liable, can be considered as constituting an informal proof of claim since they were never filed with the bankruptcy court. The Trustee contends that

Rule 3002 coupled with Rule 5005 and applicable case-law reveal that instruments alleged to constitute an informal proof of claim must be filed with the bankruptcy court, or at least with the trustee.

Bankruptcy Rule 3002 unambiguously requires that a proof of claim be filed in accordance with Rule 5005. In turn, Rule 5005(a) expressly and specifically provides that proofs of claim and other papers required to be filed, with exceptions not pertinent here, *shall* be filed with the clerk in the district where the case under the Code is pending. In the instant case only the Bank's motion to lift stay, which by itself does not constitute an informal proof of claim, was filed with the clerk of the bankruptcy court. The Foreclosure Documents and the letter to the Debtor's attorney were never filed with the clerk of the bankruptcy court. This does not end the Court's inquiry, however.

The matter becomes somewhat more complicated when Rule 5005(b) and related decisions are considered. Rule 5005(b) provides that a paper intended to be filed, but erroneously delivered to the trustee, the attorney for the trustee, a bankruptcy judge, a district judge, or the clerk of the district court shall, after the date of its receipt has been noted thereon, be transmitted forthwith to the clerk of the bankruptcy court. In the interest of justice, the court may order that the paper shall be deemed filed as of the date of the original delivery. Bankruptcy Rule 5005(b).

The Bank relies heavily on *In re Sambo's Restaurants, Inc.*, 754 F.2d 811, 12 C.B. C.2d 173, 12 B.C.D. 1177 (9 Cir.1985), where a widow's wrongful death action in a U.S. District Court in Alabama together with her joint motion with the Debtor to transfer the action to U.S. Bankruptcy Court in California were found to constitute an informal proof of claim. The Ninth Circuit construed Rule 5005(b) to find that the misdelivery exception had been met, relying on its earlier decision in *In re Franciscan Vineyards, Inc.*, 597 F.2d 181, 5 B.C.D. 476 (9th Cir.1979) (per curiam), *cert. denied*, 445 U.S. 915, 100 S.Ct. 1274, 63 L.Ed.2d 598 (1980). *Franciscan Vine-*

*yards* had held that a letter to the trustee enclosing delinquent tax bills was a sufficient informal proof of claim because it was intended to and did set out a claim against the estate, and that an informal proof of claim need not appear on the bankruptcy court's records or in its files. The Ninth Circuit in *Sambo's* stated that even under the stricter interpretation by the Seventh Circuit in *Evanston Motor Co., infra,* the exception was met because the joint motion to transfer the complaint to the bankruptcy court demonstrated the creditor's attempt to file her proof of claim with the bankruptcy court.

The Ninth Circuit offered further explanation of its position on Rule 5005(b). In *Anderson–Walker Industries, Inc.,* 798 F.2d 1285, 14 B.C.D. 1395 (9 Cir.1986), the Court·stated that Rule 5005(b) only requires an intent to file the paper and an erroneous delivery to an official, i.e., that the creditor intended for the paper to become a part of the bankruptcy court proceedings and to receive official action. The Court reasoned that a creditor who sends a paper to a court appointed trustee or other official, under circumstances that the sender can be said to have acted with an expectation that it will receive an official response, has done so with the intent that the paper is being "filed". The sender is simply in error, however, because the paper should have been filed with the bankruptcy court. The sender has thus intended to file, but has erroneously delivered the paper to the trustee. 798 F.2d at 1288, 14 B.C.D. at 1398.

In the instant case, the misdelivery exception of Rule 5005(b) has not been met even under the very liberal interpretation given the Rule by the Ninth Circuit. There is no indication that the Foreclosure Documents or the letter to the Debtor's attorney were ever intended by the Bank to become a part of the bankruptcy proceedings or that any sort of official reaction was anticipated.

In any event, this Court generally finds more persuasive the construction the Seventh Circuit has given Rule 5005(b) in *Matter of Evanston Motor Co, Inc.,* 735 F.2d 1029, 10 C.B.C.2d 1137, (7 Cir.1984). There the Court held that even if a letter sent to the trustee met the requirements for a proof of claim, the misfiling exception had not been met where the sender had not actually intended that the letter be filed. The Seventh Circuit interpreted the language now appearing in Rule 5005(b) (unchanged from earlier Rule 509(c) considered by that Court) to be limited to those situations where a paper was erroneously delivered to, rather than merely received by, the trustee.

This Court recognizes that trustees could receive certain papers as the result of misdelivery that the sender may have intended to file with the Court or at least bring to the attention of the Court. However, in the instant case, the Court finds no intent by the Bank in writing to Debtor's counsel, in moving to lift stay, or in filing foreclosure documents in state court, to bring a demand against the Debtor's estate to the attention of the Bankruptcy Court, as is required for informal claimant status. *See,* e.g. *In re Haugen Constr. Servs. Inc,* 88 B.R. at 217–18; *In re Mitchell,* 82 B.R. at 586; *In re Murchison,* 85 B.R. at 41; *In re Pabis,* 62 B.R. at 636; *In re W.T. Grant Co.,* 53 B.R. 417, 420–21, (Bankr.S.D.N.Y. 1985); *In re Kenitra,* 53 B.R. at 153, 13 B.C.D. at 720; *In re Stewart,* 46 B.R. 73, 76, 12 C.B.C.2d 86, 89 (Bankr.D.Or.1985).

The Bank argues that it was not required to file papers with the Bankruptcy Court under the tests earlier enumerated in this judicial district in *Sherret,* 58 B.R. 750 (W.D.La.1986). This is simply because there was no such issue in *Sherret.* The document found to constitute an informal proof of claim was an adversary complaint filed against the debtor in the Bankruptcy Court.

This Court is impressed with ˋJudge Harold C. Abramson's decision in *In re Murchison,* 85 B.R. 37 (Bankr.N.D.Tex.1987). The Court refused to consider communications that were not filed with the court and held that mere knowledge on the part of the trustee is not sufficient to establish an informal proof of claim. An assertion that Debtor's attorney was notified of a claim

met with this sensible response: "...[T]his Court believes that reliance on a Debtor's attorney to file a proof of claim is unwarranted where it is not in the Debtor's best interest." *Id.* at 39. *Murchison* distinguished *Walsh v. Lockhart Associates.*, 339 F.2d 417 (5th Cir.1964), *cert. denied* 380 U.S. 953, 85 S.Ct. 1085, 13 L.Ed.2d 970 (1965) which had been cited to support the contention that mere knowledge of a claim by a debtor was sufficient. In *Walsh*, the creditor was not scheduled and had no knowledge of the bankruptcy filing. The Fifth Circuit found that failure to allow the amendment would have constituted "rank fraud". Like Judge Abramson in *Murchison*, I am not presented with such extreme facts.

Finally, the Bank argues that with no actual distribution of funds made in the case it should be allowed to amend because no actual prejudice will result, citing *In re NuCorp Energy, Inc.*, 52 B.R. 843 (Bankr. S.D.Calif.1985). In response, the Court first notes that no informal proof of claim has been established because none of the documents evidenced an intent to hold the Debtor's estate liable and because the existence and amount of the claim were not properly brought to the Court's attention. An indispensable prerequisite to an amendment is the existence of something, typically something filed in the bankruptcy court, capable of being amended. See e.g. *In re W.T. Grant Co.*, 53 B.R. at 420, *Matter of Imperial Sheet Metal, Inc.*, 352 F.Supp. 1149, 1154 (M.D.La.1973). For reasons explained in the Court's previous discussion, there is nothing to amend in this case because the documents relied upon by the Bank do not establish a proof of claim.

Secondly, the Court believes that its decision is supported by the policy favoring quick and effective settlement of bankruptcy estates. *Oppenheim, Appel, Dixon & Co. v. Bullock* (Matter of Robintech, Inc.), 863 F.2d 393, 397–98 (5th Cir.1989), citing *Katchen v. Landy*, 382 U.S. 323, 328, 86 S.Ct. 467, 471–72, 15 L.Ed.2d 391 (1966). Under the Bankruptcy Code and Rules, creditors play a zero-sum game in which a failure to navigate effectively through various intricate procedures can mean total defeat. However, these procedures are needed to protect the Debtor and the creditors and cannot be neglected every time a creditor claims hardship. Frequent players in the bankruptcy arena know this and are aware that deadlines are important and should not be heard to complain of unfairness except under the most egregious circumstances. *Robintech, Inc.*, 863 F.2d at 398.

Lastly, the equities in this case do not favor the Bank. The Bank is a sophisticated creditor, a major lending institution, represented by competent counsel, and should not have to be reminded to file a proof of claim in Chapter 7. Unlike the situation presented in *NuCorp Energy*, the Bank's claim was not misfiled by the bankruptcy clerk; rather the Bank's claim was not filed at all. No explanation of this failure has been offered. The Bank simply failed to protect its substantial undersecured claim despite notice of the bar date. To allow the Bank to amend its alleged proof of claim under the facts of the instant case would be unfair to all creditors who filed on time, despite possible hardships of their own, and whose slice of the bankruptcy pie would be smaller as a result. *See, Robintech*, 863 F.2d at 398. For the reasons cited, the Court will by separate order DENY the Bank's motion to amend.