**In re The DREXEL BURNHAM LAMBERT GROUP INC., et al., Debtors.**

**Bankruptcy Nos. 90 B 10421, 90 B 11646 (Jointly Administered).**

United States Bankruptcy Court, S.D. New York.

April 22, 1991.

M. Kirschner, Esq., Jones, Day, Reavis & Pogue, New York City, for Official Committee of Unsecured Creditors of Drexel Burnham Lambert Group, Inc., et al. (Group Committee).

M. Norton, Esq., Sherman & Sterling, New York City, for Barclays Bank, PLC (Barclays).

J. Rapisardi, Esq., Weil, Gotshal & Manges, New York City, for debtor, Drexel Burnham Lambert Group, Inc., et al., debtor-in-possession (DBL).

M. Zelmanovitz, Esq., Zalkin, Rodin & Goodman, New York City, for Official Committee of Unsecured Creditors of Drexel Burnham Lambert Inc., et al. (Inc. Committee).

---

* Sitting by special designation.

1. We have jurisdiction to hear this matter under 28 U.S.C. § 1334(b) and the General Reference Order to this Court, dated July 10, 1984 (Ward, CJ). The General Reference was withdrawn by Pollack, DJ on February 19, 1991, but in the same order core matters were re-referred to us

## MEMORANDUM OF DECISION ON MOTION TO EXTEND TIME TO FILE A PROOF OF CLAIM

FRANCIS G. CONRAD, Bankruptcy Judge *.

Barclays filed the instant motion [1] to enlarge the time to file a proof of claim. We deny Barclays' motion because Barclays received actual notice of the claims bar date and its failure to file timely does not meet the excusable neglect standard articulated in Bankruptcy Rule 9006(b)(1). Alternatively, Barclays' attempt to characterize a request for payment letter directed to DBL as an informal proof of claim fails because it was never filed with the Bankruptcy Court.

The deadline for filing proofs of claim in DBL's Chapter 11 Jointly Administered cases was fixed as November 15, 1990. DBL listed the locations of Barclays on its schedules as shown below. On August 15, 1990, Poorman–Douglas Corporation (Poorman), agent of the United States Bankruptcy Court, served "Notice of Entry of Bar Order Fixing Last Day to File Proofs of Claim or Proofs of Interest Against Debtors (bar date)" by certified mail to Barclays, at the following locations:

Barclays Bank Australia Ltd.
Level 26–25 Blogh Street
Sydney, NSW 2000
Australia

Barclays Bank PLC
75 Wall Street
New York, NY 10265

Barclays Business Credit Inc.
111 Founders Plaza
East Hartford, CT 06108

Additionally, notice of the bar date was published by DBL on three separate occa-

---

that same day. This is a core matter under 28 U.S.C. §§ 157(b)(2)(A), (B) and (O). This Memorandum of Decision constitutes findings of fact and conclusions of law under Federal Rules of Civil Procedure 52, as made applicable by Rules of Practice and Procedure in Bankruptcy Rule 7052.

sions in 36 separate publications worldwide, 97, 90 and 41 days respectively, in advance of the bar date. Among the worldwide publications available to Barclays Central Loan Administration Department (CLAD London) were the *International Herald, Financial Times of London, New York Times* and *Wall Street Journal.*

On October 26, 1990, CLAD London mailed a request for payment to DBL at DBL's New York City office. This letter was not on Barclays letterhead and failed to set forth a mailing address. Barclays' request for payment arises from two Mexican public sector debt obligation assignment agreements. Decisions generally regarding the authorization to enter into trading positions with DBL were made in Barclays' New York City office.

Barclays failed to file a proof of claim on or before the November 15, 1990 bar date. Yet, on November 15, CLAD London says it first learned of the existence of the bar date from a news article appearing in the *Financial Times of London.*

■ Rules of Practice and Procedure in Bankruptcy Rule 3003(c)(3) authorizes the Bankruptcy Court to fix a bar date beyond which proofs of claim are disallowed. A claims bar date provides a mechanism by which a trustee in bankruptcy can estimate the potential liabilities of the debtor. *In re Chicago, Rock Island & Pacific Railroad Co.,* 788 F.2d 1280, 1281 (7th Cir.1986). Accordingly, a request for extension of the bar date should be strictly scrutinized because a fixed and known bar date is essential to the orderly administration and successful reorganization in a Chapter 11 case. *Id.* at 1281.

Barclays concedes receipt of actual notice of the bar date at both its New York and Australian offices but claims notice was improper because notice of the bar date should have been delivered directly to CLAD, London. We disagree. Barclays' request for a late filed claim does not address or assert that the mailing to its East Hartford, Connecticut office was (i) untimely or (ii) addressed improperly. Receipt by

Barclays at its Hartford office is presumed. *See, e.g., In re Barko Hydraulics, Inc.,* 123 B.R. 304, 310 (N.D.Ill.1990); *In re R.E. Lee & Sons, Inc.,* 95 B.R. 316, 319 (Bkrtcy. M.D.Pa.1989). Consequently, Barclays concession that it received actual notice of the bar date, and this Court's finding that Barclays' East Hartford office presumptively received notice, is enough to find against Barclays because it received notice of the bar date in at least three business locations.

■ Specifically addressing Barclays' claim that service on its branch offices is inadequate service on CLAD London, we cite with approval cases that hold when an entity or business is well-known, a less definite and more general address or designation will suffice. *See, e.g., In re Robintech, Inc.,* 69 B.R. 663, 665 (Bkrtcy. N.D.Tex.1987); *In re American Properties, Inc.,* 30 B.R. 239, 244 (Bkrtcy.D.Kan. 1983). A plain reading of the standard notice Poorman mailed to Barclays New York, Connecticut, and Australia conveys all of the necessary information for a creditor to protect its rights with respect to allowance of its claim, i.e., a proof of claim must be filed by November 15, 1990 to share in any estate distribution.

Barclays is a worldwide banking institution of considerable size and reputation and well known by any standard. A multinational financial institution such as Barclays bears responsibility for having adequate systems in place to ensure that legal notices and other communications reach the appropriate parts of its business empire. Barclays New York, Barclays Connecticut, and Barclays Australia are responsible for the internal distribution of this information to CLAD London. This they failed to do. Thus, we hold as a matter of law that CLAD London received proper notice of the bar date.

■ Barclays received not only actual notice by certified mail but also actual notice by publication. The United States Supreme Court has stated that the standard for measuring the adequacy of notice is simply notice of the type:

{R}easonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 318, 70 S.Ct. 652, 659, 94 L.Ed. 865 (1950). "Notice by publication is an adequate form of notice to advise a party of the entry of a [claims] bar date." *In re O.P.M. Leasing Services, Inc.*, 48 B.R. 824 (S.D.N.Y.1985).

Consequently, we hold that DBL's extensive publication notice was reasonably calculated to apprise Barclays of the pendency of the action. When we couple Barclays' actual receipt of notice, together with DBL's extensive publication notice, we are satisfied that Barclays received adequate and legally sufficient notice of the claims bar date to timely file a proof of claim.

■ Barclays also points out that a Bankruptcy Court can extend the time for filing a late proof of claim "for cause". When construing the phrase "for cause" in Bankruptcy Rule 3003(c)(3), Courts have held that it must be read in conjunction with Bankruptcy Rule 9006(b). *See, e.g., In re Vertientes, Ltd.*, 845 F.2d 57, 59 (3rd Cir.1988); *In re South Atlantic Financial Corp.*, 767 F.2d 814, 817 (11th Cir.1985), *cert. denied*, 475 U.S. 1015, 106 S.Ct. 1197, 89 L.Ed.2d 311 (1986); *In re STN Enterprises, Inc., d/b/a Atwater Arms*, 94 B.R. 329, 332 (Bkrtcy.D.Vt.1988). Bankruptcy Rule 9006(b) provides in relevant part:

{W}hen an act is required ... within a specified period ..., the court for cause shown may at any time in its discretion ... (2) on motion made after expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Barclays' attempt to squeeze its claim within the parameters of Bankruptcy Rules 3003 and 9006 fails simply because its neglect was not excusable.

In determining whether a party is entitled to enlarge the time for filing a proof of claim due to the party's "excusable neglect," some Courts have generally looked to whether the creditor was diligent in protecting its rights. The Eleventh Circuit stated that "{c}ourts have been most willing to find excusable neglect where the movant failed to comply with the bar date because, through no fault of its own, it had no notice of that date." *South Atlantic Financial Corp.*, 767 F.2d 814 (11th Cir. 1985). In *In re Figueroa*, 33 B.R. 298, 302 (Bkrtcy.S.D.N.Y.1983), the Court explained that "excusable neglect" in Bankruptcy Rule 9006(b)(1) requires the moving party to show that the failure to comply with the deadline "was due to something more than ordinary negligence; it must have been something that would not have been prevented by diligence." Because we find that Barclays did not exercise ordinary diligence in protecting its claim, Barclays' motion would fail if this alternative approach were adopted.

■ We prefer, however, a three step inquiry that specifically examines: (1) the adequacy of the time-bar notice provided; (2) the source of the delay and the sophistication of the creditor; and, (3) the prejudice that will inure to the other party should the failure to act be overlooked. *See, Wright v. Placid Oil Co.*, 107 B.R. 104, 106 (N.D.Tex.1989); *In re STN Enterprises, supra*, at 333; *In re O.P.M. Leasing Services, Inc.*, 48 B.R. 824, 830–31 (Bkrtcy. S.D.N.Y.1985); *In re Horvath*, 20 B.R. 962, 965–66 (Bkrtcy.S.D.N.Y.1982).

Barclays cannot satisfy a single factor articulated above and thus, its motion for an extension of time is denied. First, Poorman sent notice of the bar date to Barclays Bank in Australia, New York, and East Hartford, CT. nearly three months prior to the effective bar date. Barclays also received actual notice by publication. Both forms of notice were adequate.

Second, Barclays was the source of delay. A highly sophisticated multinational institution like Barclays bears responsibility for having systems in place to ensure that legal notices and other communications reach appropriate personnel. Someone at Barclays received the Proof of Claim Form, clearly captioned YOUR PROOF OF CLAIM MUST BE *RECEIVED* NOT LA-

TER THAN NOVEMBER 15, 1990, and had sufficient information to understand the importance of the documents before them. Prudence dictated affirmative action. The failure to perform here was not due to circumstances beyond the reasonable control of Barclays.

Third, a grant of an extension of time to file a proof of claim will directly prejudice DBL's efforts to reorganize in a timely fashion and will adversely impact upon DBL's creditors. A claim filing bar date plays a critical role in the reorganization process of a Chapter 11 case. The bar date is not imposed simply to benefit the debtor by barring claims due to the passage of time. The bar date is imposed so that the bankruptcy case can be administered. Each creditor is required to file its proof of claim early in the bankruptcy case so that the trustee, the creditors, and the debtor can negotiate, formulate, and fund a plan of reorganization. Complex and exhaustive negotiations have been taking place. Absent finality, reorganization would be impossible.

Accordingly, because it received actual notice of the bar date and did not file a timely proof of claim, Barclays' claim is barred.

■ Barclays also asks this Court to characterize its letter requesting payment from DBL as an informal proof of claim. This tack does not involve extending the claim bar date, but instead asks this Court to hold that a letter mailed to DBL constitutes a timely filed proof of claim. Initially, we find that Barclays' concession that it received actual notice asphyxiates their informal proof of claim theory. After all, since Barclays admits it received actual notice, it should have filed an actual proof of claim.

■ Nevertheless, assuming *arguendo* we were to accept an informal proof of claim, despite the fact Barclays received actual notice by service in New York and Australia, actual notice by publication in London, and presumptive receipt of notice in East Hartford, we still could not accept this letter as an informal proof of claim because it was not filed with this Bankruptcy Court.

■ For a document to constitute an informal proof of claim the document must state an explicit demand showing: 1) the nature of the claim; 2) the amount of the claim against the estate; and, 3) evidence of an intent to hold the debtor liable. *In re AP Industries*, 117 B.R. 789 (Bkrtcy. S.D.N.Y.1990); *In re Sherret*, 58 B.R. 750 (Bkrtcy.W.D.La.1986); *In re Nucorp Energy, Inc.*, 52 B.R. 843 (Bkrtcy.N.D.Ca.1985).

On October 26, 1990, CLAD London mailed a request for payment to DBL. CLAD London stated that it was in a position to claim interest adjustments on DBL's Mexican debt obligations and urged DBL to settle the matter. Although this letter is of general correspondence, it sets forth the nature of the claim. The letter at issue is a document that specifically sets forth the nature of Barclays' claim and satisfies the first prong.

Barclays, however, cannot satisfy the remaining two prongs necessary to qualify the letter as an informal proof of claim. When Courts look at the second and third prongs, they look to see whether the informal proof of claim was filed with the Bankruptcy Court as evidence of an intent to hold the debtors estate liable. Indeed, some Courts require, as an additional element of an informal proof of claim, that it be filed with the Bankruptcy Court. *See, e.g., In re Fred Dent, Inc.*, 57 B.R. 219 (Bkrtcy.M.D.La.1986); *In re McCoy Mgmt. Services, Inc.*, 44 B.R. 215 (Bkrtcy.W.D.Ky. 1984).

In *In re Pizza of Hawaii Inc.*, 761 F.2d 1374 (9th Cir.1985), a creditor of Pizza of Hawaii filed actions against the debtor prepetition and postpetition, and filed a Motion for Relief from Stay to join the debtor as a defendant. The Court held that the creditor's significant participation in the Chapter 11 case, and the documents filed in the Bankruptcy Court were sufficient to be considered an informal proof of claim. Similarly, in *In re Sherret*, 58 B.R. 750 (Bkrtcy.W.D.La.1986), a creditor bank filed an Adversary Proceeding with the Bankruptcy Court within the bar date. The Court held that an adversary complaint filed by creditor constituted an informal proof of claim. *Id.* at 751.

In contrast, Courts have denied informal proof of claim status to creditors who failed to file any item or action in the Bankruptcy Court. In *In re AP Industries,* the creditor filed a proof of claim three days after the claims bar date and sought to have its late proof of claim deemed timely filed. The Court held that because the record contained no evidence indicating whether informal proofs of claim had been filed with the Bankruptcy Court prior to the bar date, no extension would be permitted. *In re AP Industries, supra,* at 789.

 In the case at hand, Barclays did not file this demand letter, or any other matter, with this Court regarding its claim. Barclays' letter requesting payment is properly characterized as a general correspondence letter. Standing alone, it is insufficient to establish that Barclays intended to hold DBL liable. Moreover, mere awareness by the debtor of a creditor's claim through general correspondence is insufficient to establish an informal proof of claim. *In re AP Industries, supra,* at 789. Absent a filing in this Court referencing the claim, no informal claim will be allowed. Consequently, Barclays' motion for an order extending time to file a proof of claim is denied.

Counsel for DBL to settle an order.