**In re GLOBAL PRECIOUS METALS, INC. and Global Commodities, Debtors.**

**Bankruptcy Nos. 91 B 16526, 91 B 16527.**

United States Bankruptcy Court, N.D. Illinois, E.D.

July 27, 1992.

C. Dean Harvalis, U.S. Trustee's Office, Chicago, Ill.

Mark E. Leipold, Brian W. Baugh, Robins, Kaplan, Miller & Ciresi, Chicago, Ill., Trustee.

John Caldwell, Chicago, Ill.

David Rosenbloom, U.S. Attorney's Office, Chicago, Ill.

Jon G. Furlow, Sonnenschein Nath & Rosenthal, Chicago, Ill.

## AMENDED MEMORANDUM OPINION

SUSAN PIERSON SONDERBY, Bankruptcy Judge.

This matter comes before the Court on the Motions of Mark E. Leipold ("Trustee") to extend the time to file proofs of claim in the Global Precious Metals, Inc. and Global Commodities cases. For the reasons set forth herein the Trustee's Motions to extend the time to file proofs of claim are denied.

### BACKGROUND

On August 5, 1991 Global Precious Metals, Inc. and Global Commodities (collectively the "Debtors") filed petitions under Chapter 7 of the Bankruptcy Code. The sole shareholder and President of the Debtors, Paul Skowron, and his wife Michelle, also filed a voluntary Chapter 7 on August 5, 1991. (Case No. 91 B 16528). The Debtors operate investment firms which deal primarily in precious metals with investments from private individuals.

The initial § 341 meeting of creditors was held September 12, 1991 during the Trustee's regular monthly call. Because the Trustee required additional time to examine the Debtors' President the meeting was continued until October 10, 1991.

During the meeting on October 10, 1991 the Debtors' President was questioned regarding the affairs of the Debtors. Skowron testified that some of the Debtors'

creditors were not listed on the Debtors' Schedules of Assets and Liabilities ("Schedules"). The Trustee verified this by reviewing the Debtors' mail which was forwarded to the Trustee pursuant to an order of this Court on September 10, 1991.

The Trustee's review and investigation of this matter revealed that only approximately 10 of the Debtors' 220 creditors were listed on the Schedules. Since those creditors were not listed on the Schedules they did not receive notice of the pending bankruptcies. The Trustee contends that it would be a denial of due process to allow the time for filing proofs of claim to expire when the creditors were not given notice within the time to file a claim.

## DISCUSSION

A creditor in a Chapter 7 is required to file a proof of claim within 90 days after the date first set for the meeting of creditors called under § 341. Fed.R.Bankr.P. 3002(c). There are six instances where the time for filing proofs of claim may be extended in a Chapter 7, none of which are available here. Fed.R.Bankr.P. 3002(c).

The bankruptcy court's authority to extend the time for filing proofs of claim is also limited by Fed.R.Bankr.P. 9006. Under Rule 9006(b)(3) the court is only allowed to extend the time for taking action under Rule 3002(c) "to the extent and under the conditions stated in [the] rule." Based upon the express provisions of the Federal Rules of Bankruptcy Procedure this Court may not extend the time for filing proofs of claim.

The Trustee contends that the Bankruptcy Rules deprive a creditor of property without due process of law, if it eliminates a creditor's claim before the creditor has notice of the pending bankruptcy. Relying on *U.S. v. Cardinal Mine Supply, Inc.,* 916 F.2d 1087 (6th Cir.1990), the Trustee claims that based upon the due process clause and its equitable powers this Court can extend the time for filing proofs of claim despite the express prohibition in the Federal Rules of Bankruptcy Procedure.

In *Cardinal Mine* the Internal Revenue Service ("IRS") filed a proof of claim for priority taxes nearly one and one-half years after the time for filing proofs of claim had expired. The Debtor had failed to list the IRS as a creditor on its schedules, consequently the IRS did not get notice nor did it have knowledge of the bankruptcy. The bankruptcy court concluded that because the Bankruptcy Rules did not allow it to enlarge the time for filing proofs of claim, the IRS' claim would be subordinated to unsecured claims pursuant to § 726.[1] The IRS objected to its claim being subordinated because it was late, when the lateness was caused by lack of notice. On appeal, the Sixth Circuit reversed the bankruptcy court.

The Sixth Circuit initially determined that there was a conflict between the Bankruptcy Rules and the Bankruptcy Code to the extent that § 726 of the Code specifically contemplated that late claims would be filed and allowed and Fed.R.Bankr.P. 9006(b)(3) prohibited an extension of time except under limited conditions. The court

---

1. The order of distribution in a Chapter 7 is set forth in § 726 which provides in part:
   (a) Except as provided in section 510 of this title, property of the estate shall be distributed—
   (1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title;
   (2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is—
   (A) timely filed under section 501(a) of this title;
   (B) timely filed under section 501(b) or 501(c) of this title, or—
   (C) tardily filed under section 501(a) of this title, if—
   (i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and
   (ii) proof of such claim is filed in time to permit payment of such claim;
   (3) third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title, other than a claim of the kind specified in paragraph (2)(C) of this subsection....

held that "to the extent that Rule 9006 contradicts the statute, it cannot stand." *Cardinal Mine* 916 F.2d at 1089.

The court then discussed the lack of notice and held that when a creditor does not have notice or actual knowledge due process and equity require that the creditor be allowed to file its claim upon learning of the bankruptcy.[2] The court allowed the IRS' priority claim despite its lateness stating: "The failure of the Bankruptcy Rules to provide relief to creditors who receive no notice of a bankruptcy and have no knowledge of it cannot deprive those creditors of their substantive right not to have their property rights taken away without notice." *Cardinal Mine* 916 F.2d at 1091.

This approach to the time limits provided in the Federal Rules of Bankruptcy Procedure was also followed by the District Court for the Northern District of Illinois in *In re Dodd*, 82 B.R. 924 (N.D.Ill.1987). In *Dodd* the District Court concluded that a creditor would be entitled to file its claim despite the time limitations in the Bankruptcy Rules where the creditor did not have notice. The court held that consistent with principles of due process, notice must be given "before the Rules time limits may be enforced." *Dodd* 82 B.R. at 928.

The holdings in *Cardinal Mines* and *Dodd* are based on the assumption that if the court does not extend the time for filing proofs of claims, then the creditor is deprived of property. These conclusions presume, and in fact the court in *Cardinal Mines* specifically stated, that the Code does not otherwise protect a creditor who does not receive notice or have actual knowledge of the bankruptcy. This Court disagrees with this presumption as there are provisions in the Bankruptcy Code which protect the creditor against the loss of its claim where the creditor is without notice of the bankruptcy.

Section 726(a)(2)(C) allows the creditor to participate in the distribution despite a late filed claim when the creditor did not have notice or knowledge of the bankruptcy. If the claim is a general unsecured claim the creditor will participate *pari passu* in the distribution, the same as if the claim had been timely filed. The Sixth Circuit concluded that this section conflicted with the Bankruptcy Rules. This Court also disagrees with the Sixth Circuit's conclusion that there is a conflict between the Bankruptcy Rules and the Bankruptcy Code. The conflict can be avoided by concluding that although the court is not authorized to extend the time for filing claims, the late claim will be accepted and the creditor will still be allowed to participate in the distribution if the creditor did not have notice or knowledge of the bankruptcy. The Bankruptcy Rule, therefore, precludes the court from extending the time on the court's discretion, but does not prevent creditors from sharing in the distribution.

If the creditor is to participate in the distribution under § 726, the creditor must know of the bankruptcy and file its claim before there is a distribution. In the event the creditor does not learn of the bankruptcy in time, the creditor's interest is protected by § 523. Under § 523(a)(3) a claim is not dischargeable if the creditor was not listed or scheduled. Therefore, at the conclusion of the case, the creditor will still be able to assert its claim thus avoiding any due process problems. *In re Chirillo*, 84 B.R. 120 (Bankr.N.D.Ill.1988).

Finally, § 501(c) authorizes the trustee or debtor to file a proof of claim on behalf of a creditor where the creditor does not timely file. The trustee has 30 days after expiration of the filing period to file on behalf of the creditor. Fed.R.Bankr.P. 3004. In this case, the Trustee did not utilize § 501(c).

The Trustee also contends that this Court can use its equitable powers to extend the time for filing proofs of claim in order to avoid an unjust and harsh result. The bankruptcy court has broad equitable powers to "issue any order ... that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C.

---

**2.** The court recognized that the IRS, as a governmental entity, was not protected by the due process clause. It concluded that § 342 of the Bankruptcy Code provided a similar mandate that notice be given to all creditors. *Cardinal Mine* 916 F.2d at 1090.

§ 105(a). In light of the express prohibition in the Bankruptcy Rules against the order requested by the Trustee, this Court will not use its equitable powers to do what is otherwise prohibited.

## CONCLUSION

A bankruptcy court is not allowed to extend the time for filing proofs of claim in a Chapter 7 except under limited conditions, the conditions do not include where a creditor was not listed on the schedules and does not have knowledge of the bankruptcy. Fed.R.Bankr.P. 9006(b)(3). There is no denial of due process unless a person is deprived of life, liberty or property. The Bankruptcy Rules do not violate a creditor's right to due process because the creditor's claim is protected by Sections 726, 523 and 501 of the Bankruptcy Code. Accordingly the Trustee's Motions to Extend the Time for Filing Proofs of Claim are denied.