NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Plaintiff,

v.

Craig A. BROADHEAD, Defendant.

Bankruptcy No. 92 Civ. 2508.

United States District Court, S.D. New York.

June 28, 1993.

Harvey Barrison, D'Amato & Lynch, New York City, for plaintiff.

Irena M. Goldstein, LeBoeuf, Lamb, Leiby & MacRae, New York City, for defendant.

## MEMORANDUM and ORDER

STANTON, District Judge.

Defendant moves for reconsideration of this court's Memorandum Endorsement and Order dated November 12, 1992 which granted summary judgment in favor of plaintiff.

## BACKGROUND

In August 1983, Craig A. Broadhead purchased a limited partnership in Logan Realty Limited Partnership. He paid $8,717 in cash and executed six promissory notes (the "notes") in the total principal amount of $142,403. Broadhead and National Union Fire Insurance Company of Pittsburgh ("National Union") entered into an indemnity agreement regarding the notes (the "indemnity agreement"), and National Union issued a bond guaranteeing that Broadhead would pay the notes (the "bond"). The indemnity agreement required Broadhead to reimburse National Union for any payments it made on his behalf under the bond to cure any default by him on the notes, and for interest and expenses incurred in obtaining reimbursement. The bond provided that National Union would "be subrogated to all the Obligee's or Permitted Assignee's rights" against Broadhead. (Affidavit of Val Goldstein sworn to October 21, 1992, Ex. C ¶ 7). Paragraph ten of the indemnity agreement provided that all notices directed to National Union be sent to the following address:

National Union Fire Insurance

Company of Pittsburgh, Pa.

70 Pine Street

New York, New York 10270

Attention: Special Programs Division (Goldstein Aff., Ex. B ¶ 10).

In February of each of 1986 and 1987, Broadhead failed to make payments due under the notes and National Union paid $53,740 on his behalf. On September 13, 1989, Broadhead filed for bankruptcy protection in the District of Utah. In that action, he included National Union as an unsecured creditor, but in listing its address he did not specify "Attention Special Programs Division" as required by the indemnity agreement. On January 2, 1990, the Utah Bankruptcy Court issued an order discharging Broadhead from his debts. National Union, which denies receiving any notice of the bankruptcy proceeding, commenced this diversity action on April 7,

1992 under the indemnity agreement and as subrogee of the notes.

On November 12, 1992, this court granted summary judgment in favor of National Union, finding that its claim was not discharged because it was not given adequate notice of the bankruptcy proceeding.[1] Broadhead did not submit papers in opposition to that motion. He claims now that his failure to respond was due to the excusable neglect of his Utah counsel, and that this court overlooked a controlling line of case law in regard to the dischargeability of the debt.

## DISCUSSION

■ Broadhead moves to vacate the judgment entered pursuant to the November 12th decision. Under Rule 60(b)(1) a party may seek relief from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). Three factors guide this court's discretion: (1) whether the failure to respond to the summary judgment motion was willful, (2) whether Broadhead has a meritorious claim or defense to assert, and (3) whether National Union will be prejudiced if relief is granted. *See Davis v. Musler*, 713 F.2d 907, 915 (2d Cir.1983).

Because it sufficiently appears that Broadhead's neglect to oppose the summary judgment motion in a timely fashion was excusable, and National Union has made no showing of prejudice, this court will follow the traditional preference of federal courts for resolving matters on their merits, and reconsider its November 12, 1992 decision. *See Kotlicky v. United States Fidelity & Guaranty Co.*, 817 F.2d 6, 9 (2d Cir.1987) ("the policy in favor of hearing appellant's claims on the merits is preeminent").

In granting summary judgment in favor of National Union, this court relied princi-pally on *National Union Fire Insurance Co. v. Main (In re Main)*, 111 B.R. 535 (Bankr.W.D.Pa.1990), *aff'd*, No. 92–360, slip op. (W.D.Pa. September 16, 1992). In *Main*, the debtor listed National Union's address as 70 Pine Street, but did not specify the "Comprehensive Financial Risk Division" as required by the indemnity agreement between the parties. Concentrating on "the size of National Union and the magnitude and complexity of its operations," the bankruptcy court concluded that the notice was inadequate. *Main*, 111 B.R. at 539.

### Statutory Requirement

In light of other case law, however, not submitted to this court on the unopposed motion for summary judgment, it appears that the notice which National Union was sent sufficiently complied with the Bankruptcy Code.

■ A letter properly addressed and mailed is presumed to have been delivered to the addressee. *In re Horton*, 149 B.R. 49, 57 (Bankr.S.D.N.Y.1992). That presumption is strengthened when, as in this case, the notice was never returned to the clerk's office. *In re Longardner & Assoc., Inc.*, 855 F.2d 455, 460 (7th Cir.1988), *cert. denied*, 489 U.S. 1015, 109 S.Ct. 1130, 103 L.Ed.2d 191 (1989). National Union has not rebutted the presumption of receipt. *See Horton*, 149 B.R. at 58 (general denial that creditor received notice is insufficient to rebut presumption).

■ National Union contends that because Broadhead did not identify the appropriate division, the address was incorrect. There is no statutory requirement, however, that one identify the specific division of a company on a bankruptcy notice. Nor is it required by due process. Once delivered, it is the responsibility of the creditor to

---

1. In denying a motion by Broadhead to reopen his bankruptcy case on November 6, 1992, the Utah bankruptcy court deferred to this court on the issue of whether National Union received adequate notice. The court stated:

    Therefore, the two matters that the debtor is bringing before the court, the first one to have some court determine whether or not there has been sufficient notice, can be handled by the District Court there and is already pending and the concurrent jurisdiction certainly allows that court to proceed. Since (footnote cont'd) I believe the debtor has not acted promptly to bring this matter back before this Court to add a creditor, I'm going to deny the motion to reopen the bankruptcy here.

    (Supplemental Affidavit of Bruce L. Dibb sworn to March 10, 1993, Ex. A at 25).

distribute the notice to the appropriate party within its organization. *In re The Drexel Burnham Lambert Group Inc.,* 129 B.R. 22, 24 (S.D.N.Y.1991). In *Drexel Burnham,* the debtors sent notice to the New York and Australia offices of Barclays Bank rather than to its central loan administrative department in London. *Id.* at 23. The court found the notice adequate as a matter of law: "Barclays bears responsibility for having adequate systems in place to ensure that legal notices and other communication reach the appropriate parts of its business empire." *Id.* at 24. *See also, In re R.E. Lee & Sons, Inc.,* 95 B.R. 316, 318 (Bankr.M.D.Pa.1989) (debt duly scheduled even though debtor did not include appropriate division of large company); *In re American Properties, Inc.,* 30 B.R. 239, 243 (Bankr.D.Kan.1983) ("Where an addressee is a well-known public entity or business, a more general and less definite address or designation has been required.").

### Contractual Requirement

Although the notice complied with due process, it did not comply with the indemnity agreement, which unambiguously required Broadhead to include in the address "Attention Special Programs Division." In vindication of its contract rights, National Union is entitled to the opportunity to demonstrate that it could have affected the outcome of the bankruptcy proceeding to its advantage if it had received the notice for which it contracted.

### CONCLUSION

The judgment against Broadhead is vacated, and National Union has thirty days from the date of this Memorandum and Order to submit papers demonstrating that its claim before the bankruptcy court was non-dischargeable or otherwise entitled to more favorable treatment than it received. Broadhead has fifteen days thereafter to reply.

So ordered.