**In re GLENWOOD MEDICAL GROUP, LTD., Debtor.**

**Bankruptcy No. 94 B 17181.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Aug. 21, 1997.

284

Edward B. Mueller, Daniel P. Dawson, Nisen & Elliott, Chicago, IL, for Movant.

David E. Grochocinski, Kathleen McMahon, Palos Heights, IL, Joseph A. Baldi, Rosenthal & Schanfield, John A. Lipinsky, Rooks Pitts & Poust, Stephen M. Stone, Grabowski & Cluts, Daniel A. Zazov, Barbara L. Yong, Micah R. Krohn, Barbakoff Zazove & Glick, Chicago, IL, for trustee.

## MEMORANDUM OPINION DENYING CREDITORS' MOTION TO ALLOW LATE CLAIM AS TIMELY FILED

JACK B. SCHMETTERER, Bankruptcy Judge.

Debtor Glenwood Medical Group ("Debtor") filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* A claim bar date was set. Two of Debtor's creditors, Dr. Rudolph Altergott and Dr. Brian Foy ("Altergott," "Foy," or collectively "Creditors"), each filed motions to allow their late claims as timely filed. The bankruptcy estate has not yet been distributed to creditors. The Chapter 7 Trustee, Thomas Sullivan, objects to treating the late claims of these Creditors as timely filed. For reasons stated below and by separate order, Creditors' Motions will be denied, and their late claims are relegated to priority of distribution under 11 U.S.C. § 726(a)(3).

### Background

Both Altergott and Foy practice medicine as principals of Cardiac Surgery Associates,

S.C. ("CSA") and had contracted with Debtor to provide medical services. On September 3, 1994, all scheduled creditors, including Altergott and Foy, were served with a "no asset" report which included Notice of Debtor's Chapter 7 case and the dates for the meeting of creditors. The notice stated in pertinent part: "Do not file a proof of claim unless you receive a court notice to do so." On October 30, 1994, however, an Order and Notice Fixing Time for Filing Claims was served on all scheduled creditors, including Altergott and Foy. This order stated that "the payment of a dividend may be possible," that "January 26, 1995 is fixed as the last day for the filing of claims by creditors," and that claims not filed by the claims bar date would not be allowed except as provided by law. Both the "no asset" letter and the subsequent order and notice fixing time for filing claims were mailed to both Altergott and Foy at 455 Frontage Road # 214, at Burr Ridge, Illinois, 60521. This was the address at which both Creditors were scheduled as well as the address from which these Creditors had conducted their business with Debtor.

Altergott and Foy present their separate motions herein on March 7, 1997, asking leave to file late claims and for those claims to be deemed timely filed. These Creditors now assert that their CSA office is actually located at 333 North Hammes Avenue, Suite 107, Joliet, Illinois, 60435. They acknowledge that CSA did in fact maintain a satellite billing office at 455 Frontage Road, # 214, Burr Ridge, Illinois 60521 in the years 1994 and 1995, but assert that they did not personally frequent that office. Both Creditors argue that they were never actually informed of any deadline to file proofs of claim until recently, contending that they never saw the notices sent to the Frontage Road address. Altergott and Foy wish to file their respective proofs of claim of $103,015.08 and $83,927.68 late, but have them deemed timely filed. The asserted claims have not yet been filed.[1]

The Trustee argues that the motions should each be denied as both Creditors re-

1. As of August 21, 1997, the Clerk's claims register reflects no proof of claim ever filed by or on behalf of Altergott or Foy. Moreover, neither

Creditor attached a copy of any filed or proposed claim to his motion.

ceived proper notice of the bar date, and the bankruptcy court may not extend the time for filing proofs of claim in a Chapter 7 case except under specific enumerated conditions not applicable here.

### *Jurisdiction*

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1), and Rule 2.33 of the General Rules of the United States District Court of Illinois. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (O).

## *DISCUSSION*

### *Notice Requirements Were Met*

■ The notices sent to these Creditors sufficiently complied with the Bankruptcy Code. The purpose of requiring a debtor to list creditors with their proper mailing addresses is to afford those creditors basic due process notice. *In re Kleather*, 208 B.R. 406, 409 (Bankr.S.D.Ohio 1997); and *In re Lyman*, 166 B.R. 333, 335–36 (Bankr.S.D.Ill. 1994) (citing *Ginsberg, Bankruptcy: Text, Statutes, Rules;* § 11.06(f) at 918–19 (2d ed. Supp.1991)). While the Bankruptcy Code provides no guidance as to what is the proper address of a creditor, it is clear that such an address must provide the creditor reasonable notice of the bankruptcy proceeding. *Id.* Reasonable notice is defined by the Supreme Court as "notice reasonably calculated under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950); *see also In re Pettibone Corp.,* 151 B.R. 166, 172 (Bankr. N.D.Ill.1993), and cases cited. The circumstances of noticing must be considered in its entirety in determining whether such notice was reasonable. *People ex rel. Hartigan v. Peters,* 871 F.2d 1336, 1340 (7th Cir.1989). Thus it must be determined here whether notice of the order fixing the time for filing claims, when sent to the address from which Creditors conducted business with Debtor, was sufficient to satisfy the foregoing Bankruptcy Code standards.

■ Creditors argue that the notice was improperly addressed, asserting that the proper address was 333 North Hammes Avenue, Suite 107, in Joliet, Illinois 60435, not the satellite billing office at 455 Frontage Road, # 214, in Burr Ridge, Illinois 60521. However, the satellite billing office was the address used by these Creditors to conduct business with Debtor by sending bills from that address. It was the address to which Debtor sent all of its payments to Creditors. It has not been contended that the Debtor and these Creditors used any other address to mail and receive payments Further, the Trustee was never informed by the Creditors that they no longer used the address listed in the schedules, and they never requested notice at another address. Under these circumstances, the satellite mailing address was a correct address to use for bankruptcy notices.

■ A satellite billing office is analogous to a business dividing its activities into various departments at different locations. A creditor may not use the type of organization it selects as protection against notice properly sent to it. *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Broadhead,* 155 B.R. 856, 858 (S.D.N.Y.1993). *Kleather,* 208 B.R. at 412; and *Bucyrus Constr. Products, Inc. v. Ray Brooks Mach. Co., Inc.,* 113 B.R. 56, 61 (Bankr.M.D.Ala.1989) (Debtor listed the correct address since it was the creditor's corporate office, the same office at which debtor had corresponded with creditor in pre-bankruptcy negotiations, and was listed upon the UCC–1 financing statement executed between the debtor and creditor.) Further there is no statutory requirement that the debtor identify a specific division of a company on a bankruptcy notice, nor is it required by due process. *National Union,* 155 B.R. at 858.

In *National Union,* the opinion found ·a general address to be sufficient to constitute reasonable notice even though there was a specific address available. *Id.* In that case, the debtor signed an indemnity agreement with the creditor. The agreement provided that all notices would be sent to the "Special Programs Division" of the creditor. The

debtor listed the creditor's address on its schedules but failed to specify "Special Programs Division." Use of this address was held to be sufficient to constitute reasonable notice. *Id.*

A properly addressed notice that was mailed creates a presumption that the notice was received by the addressee. *See Hagner v. United States*, 285 U.S. 427, 430, 52 S.Ct. 417, 419, 76 L.Ed. 861 (1932) ("proof that a letter properly directed was placed in a post office creates the presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed"), *Cablevision Sys. Corp. v. Malandra (In re Malandra)*, 206 B.R. 667, 673 (Bankr.E.D.N.Y.1997); and *In re Pettibone Corp.*, 123 B.R. 304, 309 (Bankr.N.D.Ill. 1990). The presumption applies in bankruptcy cases. *Malandra*, 206 B.R. at 673. The presumption is strengthened when, as in this case, the notice was not returned to the clerk's office. *In re Longardner & Assoc., Inc.*, 855 F.2d 455, 460 (7th Cir.1988), cert. denied, 489 U.S. 1015, 109 S.Ct. 1130, 103 L.Ed.2d 191 (1989).

These Creditors have not offered to present particularized evidence to rebut this presumption. *See Pettibone*, 123 B.R. at 310 ("Denial by the addressee does not rebut presumption but merely raises a question of fact"). Therefore, it must be presumed on the present record that the Creditors received notice of the bankruptcy at their usual billing address. If they could not rely on

their staff at that address to forward bankruptcy notices to them, they had the option to ask the Trustee to send notices to a different address or to seek an order of court to require use of a different address. If one of those procedures had been followed, then the satellite billing address would not have been the correct address for notices. But that did not happen here, and it appears that the Creditors' staff at the billing office may not have forwarded bankruptcy notices to their direct attention.

### Priority of Distribution under § 726(a) Affected by Timeliness

Priority in a Chapter 7 distribution is set by § 726(a).[2] Section 726(a)(2)(C) allows the creditor to participate in the distribution despite a late filed proof of claim when the creditor did not have notice or knowledge of the bankruptcy and the proof of claim is filed in time to permit payment by the estate. If the claim is a general unsecured claim, the creditor will participate *pari passu* in the distribution, the same as if the claim had been timely filed. *In re Global Precious Metals, Inc.*, 143 B.R. 204, 206 (Bankr.N.D.Ill.1992). Section 726(a)(3) allows the creditor to participate in the distribution despite a late filed proof of claim, when the creditor did have notice or knowledge of the bankruptcy. *In re Rago*, 149 B.R. 882, 886 (Bankr.N.D.Ill.1992). However, that provision accords lower priority to a

2. In full, 11 U.S.C. § 726(a) provides:

(a) Except as provided in section 510 of this title, property of the estate shall be distributed—

(1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title;

(2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is—

(A) timely filed under section 501(a) of this title;

(B) timely filed under section 501(b) or 501(c) of this title; or

(C) tardily filed under section 501(a) of this title, if—

(i) the creditor that holds such a claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and

(ii) proof of such claim is filed in time to permit payment of such claim;

(3) third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title other than a claim of the kind specified in paragraph (2)(C) of this subsection;

(4) fourth, in payment of any allowed claim, whether secured or unsecured, for any fine, penalty, or forfeiture, or for multiple, exemplary, or punitive damages, arising before the earlier of the order for relief or the appointment of a trustee, to the extent that such fine, penalty, forfeiture, or damages are not compensation for actual pecuniary loss suffered by the holder of such claim;

(5) fifth, in payment of interest at the legal rate from the date of the filing of the petition, on any claim paid under paragraph (1), (2), (3), or (4) of this subsection; and

(6) sixth, to the debtor.

general unsecured claim filed by a creditor who did have timely notice or knowledge of the bankruptcy as well as by creditors who lacked timely notice or knowledge, but did not file their claims in time to permit payment. *Id.* In the present case, the Creditors had timely notice; therefore, they are relegated to a lower priority under § 726(a)(3).

### Timeliness

■ The Federal Rules of Bankruptcy Procedure provide the time period for filing proofs of claim. *In re Anderson,* 159 B.R. 830, 835 (Bankr.N.D.Ill.1993). A creditor in a Chapter 7 case is required to file a proof of claim within ninety days after the date is first set for the § 341 creditors meeting under Fed. R. Bankr.P. 3002(c). There are six exceptions under Fed. R. Bankr.P. 3002(c) where the time period may be extended in a Chapter 7 case. In the present case, the only applicable exception is where "notice of insufficient assets to pay a dividend was given to creditors ... and subsequently the trustee notifies the court that payment of a dividend appears possible." Fed. R. Bankr.P. 3002(c)(5). In such situation, the rule directs the clerk to notify the creditors of the possibility of a dividend and "that they may file proofs of claims within ninety days after the mailing of the notice." Fed. R. Bankr.P. 3002(c)(5). In this case, notice was mailed to Altergott and Foy on October 30, 1994, setting January 26, 1995, as the deadline to file proofs of claim.

■ A judge in bankruptcy has some authority to extend the period for filing proofs of claims pursuant to Fed. R. Bankr.P. 9006(b).[3] Fed. R. Bankr.P. 9006(b)(1) allows the court to enlarge any

time period established under the Bankruptcy Rules if the failure to act within the prescribed time was the result of "excusable neglect" subject to the constraints in 9006(b)(2) and 9006(b)(3). However, Fed. R. Bankr.P. 9006(b)(3) limits enlargement to the deadline for proofs of claim to the conditions specified in Fed. R. Bankr.P. 3002(c). *See In re Coastal Alaska Lines, Inc.,* 920 F.2d 1428, 1431–33 (9th Cir.1990); *In re Osman,* 164 B.R. 709, 711 (Bankr.S.D.Ga.1993); *In re Rago,* 149 B.R. 882, 884 (Bankr.N.D.Ill.1992); *see also Pioneer Inv. Servs. v. Brunswick Assoc.,* 507 U.S. 380, 389 n. 4, 113 S.Ct. 1489, 1495 n. 4, 123 L.Ed.2d 74 n. 4 (1993).

■ The Supreme Court opinion in *Pioneer Investment Services* indicated that the "excusable neglect" standard would not apply to any Chapter 7 case:

> The "excusable neglect" standard of Fed. R. Bankr.P. 9006(b)(1) governs late filings of proofs of claim in Chapter 11 cases but not in Chapter 7 cases. The Rule's differentiation between Chapter 7 and Chapter 11 filings corresponds with the different policies of the two chapters. Whereas the aim of a Chapter 7 liquidation is the prompt closure and distribution of the debtor's estate, Chapter 11 provides for reorganization with the aim of rehabilitating the debtor and avoiding forfeitures by creditors.

*Id.* at 380, 113 S.Ct. at 1495 (citing *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 203, 103 S.Ct. 2309, 2312–2313, 76 L.Ed.2d 515 (1983)). In a footnote, the Court added:

> Subsections (b)(2) and (b)(3) of Fed. R. Bankr.P. 9006 enumerate those time requirements excluded from the operation of the "excusable neglect" standard. One of

---

**3.** Bankruptcy Rule 9006(b) governs time extensions, it states:

> (b) Enlargement.
> (1) In General. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by

> a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.
> (2) Enlargement Not Permitted. The court may not enlarge the time for taking action under Rules 1007(d), 1017(b)(3), 2003(a) and (d), 7052, 9023, and 9024.
> (3) Enlargement Limited. The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 8002, and 9033, only to the extent and under the conditions stated in those rules.

the time requirements listed as excepted in Fed. R. Bankr.P. 9006(b)(3) is that governing the filing of proofs of claim in Chapter 7 cases. Such filings are governed exclusively by Fed. R. Bankr.P. 3002(c). *Id.* at 380 n. 4, 113 S.Ct. at 1495 n. 4. (citing Fed. R. Bankr.P. 9006(b)(3); *In re Coastal Alaska Lines, Inc.,* 920 F.2d 1428, 1432 (9th Cir.1990)). While a court may employ the "excusable neglect standard" in a Chapter 11 case to enlarge the time for filing proofs of claim, it may not employ the same standard in a Chapter 7 case. Thus, the "excusable neglect" standard of Fed. R. Bankr.P 9006(b)(1) does not apply here.

### Allowance of a Tardily Filed Claim in a Chapter 7 Case

■ The fact that the Creditor's claim is irretrievably tardy does not resolve the issue of whether the claim is entitled to payment. The principal issue in this case is whether Fed. R. Bankr.P. 3002 acts as a bar to disallow tardily filed claims in Chapter 7 cases. The rule provides in pertinent part:

(a) NECESSITY FOR FILING. An unsecured creditor or an equity security holder must file a proof of claim or interest in accordance with this rule for the claim or interest to be allowed...

. . .

(c) TIME FOR FILING. In a chapter 7 liquidation ... a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code....

Fed. R. Bankr.P. 3002.

There are also several code provisions dealing with the filing and allowance of proofs of claims. Section 501(a) tells who may file claim. Section 502(a) then provides "a claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects." 11 U.S.C. § 502(a). Section 502(b) sets out eight specific categories upon which a party of interest may object to allowance of a proof of claim.

Creditors, relying here upon *In re Hausladen,* 146 B.R. 557 (Bankr.D.Minn.), argue that these Code sections are in conflict with Fed. R. Bankr.P. 3002, and the Code provisions should prevail over the Rule. According to this argument, such conflict exists because Fed. R. Bankr.P. 3002 makes it clear that for a proof of claim to be allowed it must be filed within the specified time period. In contrast, § 501 contains no prohibition on the filing of claims after the claims bar date, and § 502 states that a claim is allowed unless there is a valid objection. Tardy or late filing of proofs of claim are not among the eight specified grounds for objection under § 502(b). In fact, according to *Hausladen,* an objection based upon lateness should be explicitly disallowed by the statute. 146 B.R. at 560. Further, §§ 726(a)(2)(C) and 726(a)(3) make specific provisions for claims that are "tardily filed." *See In re Vecchio,* 20 F.3d 555, 558 (2d Cir.1994); *In re Stoecker,* 179 B.R. 532, 537 (N.D.Ill.1994); and *Global Precious Metals, Inc.,* 143 B.R. at 207. By this reasoning, a claim may never be disallowed for untimeliness. *Hausladen,* 146 B.R. at 560.

Critics of *Hausladen* have viewed Fed. R. Bankr.P. 3002 as having the effect of a limitations statute that bars late filings of claims. *See In re Tucker,* 174 B.R. 732 (N.D.Ill.1994); *In re Gullatt,* 169 B.R. 385 (M.D.Tenn.1994); and *In re Zimmerman,* 156 B.R. 192 (Bankr. W.D.Mich.1993). *Tucker* and *Zimmerman* held that *Hausladen* erred in its finding Code § 501 and § 502 in conflict with Fed. R. Bankr.P. 3002. *Tucker,* 174 B.R. at 739. Those opinions concluded that § 501 actually incorporates Fed. R. Bankr.P. 3002 as a procedural requirement, and since compliance with § 501 is prerequisite to allowance under § 502, timely filing therefore is a prerequisite to allowance under § 502. *Id.*

However, both *Hausladen* and *Tucker* were decided in Chapter 13 cases, whereas this is filed under Chapter 7 of the Bankruptcy Code. As *Tucker* points out, no Chapter 7 precedent has squarely rejected *Hausladen* and barred a late-filed claim. *Tucker,* 174 B.R. at 738–39 (and list of cases in footnote 11). The reason is that Chapter 7 contains a provision dealing with tardily filed proofs of claims, namely, § 726(a). Section 726(a) dictates the distribution of estate property in a Chapter 7 case, and it plainly provides for

payment of tardily filed claims in some circumstances and according to fixed priorities. Specifically, 11 U.S.C. § 726(a)(2)(C) provides:

> [P]roperty of the estate shall be distributed . . .
>
> . . .
>
> second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is—
>
> . . . tardily filed under section 501(a) of this title, if—
>
> (i) the creditor that holds such a claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and
>
> (ii) proof of such claim is filed in time to permit payment of such claim.

Further, § 726(a)(3) provides that property of the estate shall be distributed ". . . third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title other than a claim of the kind specified in paragraph (2)(C) of this subsection. . . ."

■ These two provisions are clear in their treatment of tardily filed claims. It is plain that the untimeliness of the filing of a proof of claim does not itself cause disallowance of the claim. *In re Rago*, 149 B.R. 882, 885 (N.D.Ill.1992) (J. Wedoff). In a Chapter 7 case, Fed. R. Bankr.P. 3002, insofar as it purports to allow disallowance of a proof of claim, is inconsistent with §§ 726, 502, and 501 of the Code. *In re Vecchio*, 20 F.3d at 559; *In re Stoecker*, 179 B.R. at 538; and *In re Rago*, 149 B.R. at 885. Therefore, in a Chapter 7 case Fed. R. Bankr.P. 3002 does not act as an absolute bar to exclude late-filed claims.

■ Relying on reasoning in *In re Global Precious Metals, Inc.*, 143 B.R. 204 (Bankr. N.D.Ill.1992), the Trustee argues the bank-ruptcy court may not extend the time for filing proofs of claim in a Chapter 7 case except under the limited conditions specified in Fed. R. Bankr.P. 3002(c). As discussed above, allowance of a proof of claim in a Chapter 7 case is not affected by timeliness of the proof of claim. Instead, untimeliness of filing of a claim affects the claim's priority in distribution of the bankruptcy estate under § 726(a).

### Code Amendments

■ The Bankruptcy Reform Act was enacted on and effective as of October 22, 1994. Pub.L. No. 103–394, 108 Stat. 4106 (codified as amended in scattered sections of 11 U.S.C.) (the "Act"). The Bankruptcy Reform Act provided, with several exceptions not relevant here, that "amendments made by th[e] Act shall not apply with respect to cases commenced under title 11 of the United States Code before the date of the enactment of th[e] Act." *Bankruptcy Reform Act of 1994*, Pub.L. No. 103–394, § 702(b)(1) (1994) (emphasis added). This case was commenced on August 29, 1994, therefore this case is decided under the law as it existed prior to the enactment of the October 1994 amendments to the Bankruptcy Code.

However, even if they were found to apply, the 1994 amendments to the Bankruptcy Code pursuant to the Act would not affect allowance of the Creditors' claims. The Act added § 502(b)(9) and amended § 726(a)(1) of the Bankruptcy Code. Under § 502(b)(9), a tardily filed claim is disallowed if an objection to the proof of claim is filed, except to the extent that a holder of a tardily filed claim is entitled to distribution under § 726(a)(1), (2), or (3).[4] In this case, the claims of the Creditors are general unsecured claims with their priority set pursuant to § 726(a)(3). Also, the amendments to § 726(a), governing the distribution of the property to the estate in a Chapter 7 liqui-

---

4. The Act added § 502(b)(9). Section 502(b)(9) presents another ground on which a claim may be disallowed. Section 502(b)(9) disallows claims when:

> (9) proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title or under to Federal Rules of Bankruptcy Procedure, except that a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date ordered for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide.

dation, were designed to conform to the amendments in § 502(b).[5] The amendment to § 726(a) would not affect the present case because the only change in language of that section was to § 726(a)(1) which deals with priority claims pursuant to § 507 of the Bankruptcy Code. Therefore, claims would be allowed with their priority set by § 726(a)(3).

The Act and the corresponding amendment to Fed. R. Bankr.P. 3002(c) would not grant the Court authority to extend the time for filing a proof of claim in this case. Fed. R. Bankr.P. 3002 was amended to conform to §§ 502(b)(9) and 726(a) of the Bankruptcy Code as amended by the Act. Fed R. Bankr.P. 3002 advisory committee's note (1996). The amendment to Fed. R. Bankr.P. 3002 became effective as of December 1, 1996. Fed. R. Bankr.P. 3002 editors' cmt. c, p. 193. The changes to that Rule would not affect the issue here.[6] Lastly, there have been no amendments to Fed. R. Bank 9006(b). Therefore, a bankruptcy judge is still without authority to extend the time period for filing a proof of claim in a Chapter 7 case after the claims bar date has passed.

## CONCLUSION

These Creditors received proper and adequate notice of the bankruptcy proceeding, but did not file timely proofs of claim under Fed. R. Bankr.P. 3002(c). The time for filing claims in a Chapter 7 case may not be extended once proper notice of the claims bar date is shown. Such was shown here. However, untimely filed proofs of claim are allowed and paid in the order of priority set by Bankruptcy Code § 726(a). Section 726(a)(C) allows a creditor claim that is late-filed where the creditor had no knowledge or notice of the bankruptcy to participate *pari passu* in distribution the same as if the claim had been timely filed. However, § 726(a)(3) accords lower priority to a general unsecured claim filed by a creditor who did have timely notice or knowledge of the bankruptcy but filed late. That is the case here.

Therefore, the Creditors' claims may be filed, but will not be deemed timely filed, and once filed will be relegated to the priority of payment under § 726(a)(3).

The result is harsh and might be deemed unfair because there has been no distribution and it could be argued that no harm has resulted from untimeliness of filing. However, the law in this area is rigid and we must follow it.

---

5. The Act amended § 726(a)(1) which now states:
   § 726. Distribution of property of the estate.
   (a) Except as provided in section 510 of this title, property of the estate shall be distributed—
   (1) first, in payment of claims of the kind specified in, section 507 of this title, *proof of which is timely filed under section 501 of this title or tardily filed before the date on which the trustee commences distribution under this section.* (amendment in italics).

6. The amendment to Fed. R. Bankr.P 3002(c) deleted the phrase "shall be filed within" and replaced it with the phrase "is timely filed if it is not later than." Further the phrase "pursuant to" was replaced by the term "under."

Further, Fed. R. Bankr.P. 3002(c)(1) was amended to provide that a governmental unit provides that a governmental unit's claim is timely if it is filed not later than 180 days after the order of relief. In order to avoid any confusion as to whether a governmental unit's proof of claim is claim is timely filed under § 502(b)(9) if it is filed on the 180th day after the order of relief. Further, reference to "the United States, a state, or subdivision thereof" were changed to "governmental unit" under Fed. R. Bankr.P. 3002(c)(1). There are only five exceptions after the enactment of the amendments to Fed. R. Bankr.P 3002(c) which were designed to conform to the Bankruptcy Code as amended by the Act, Fed. R. Bankr.P. 3002(6) was deleted.